PM LEGAL

At an IAS Part _____ of the Civil Court of
the State of New York, held in and for the
County of Queens, at the Courthouse
located at 88-17 Sutphin Blvd.
Jamaica, New York, 11435 on the
_____ day of        2017.

PRESENT:

Justice

CIVIL COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------X
JANICE BUCZKOWSKI,

                                    Plaintiffs,          **ORDER TO SHOW CAUSE**

        -against-

JET BLUE AIRWAYS CORPORATION and AFCO/
AVPORT MANAGEMENT, LLC.,                          Index No.:  TS-300408-16/QU

                                    Defendants.
-------------------------------------------------------------------X

        Upon the annexed Affirmation of Michael J. Asta, Esq. of the law firm of Asta &

Associates, P.C. located at 450 7th Ave., Suite 2205, New York, New York 10123, dated the 15th

day of September, 2011, and upon all of the exhibits annexed thereto; and upon all the pleadings

and proceedings heretofore had herein, let the respondents Optum and United Healthcare Services

show cause before this Court at an IAS Part 30 Room 308 of the Civil Court of the State of New York,

held in and for the County of Queens, at the Courthouse located at 88-17 Sutphin Blvd., Jamaica,

New York 11435 on the 27 day of ~~SEPTEMBER~~ October , 2017, at 9:30 in the forenoon of that

day or as soon thereafter as counsel can be heard, why an Order should not be made and entered

extinguishing the purported liens and/or subrogation rights asserted by the respondents herein, and

awarding costs and fees to the plaintiff, and for such other and further relief as to this Court may

seem just and proper.

Let service of a copy of this Order upon the respondents Optum, 11000 Optum Circle, MN 102-0300, Eden Prairie, MN 55344 and United Healthcare Services, 1 Pennsylvania Plaza, #8, New York, N.Y. 10119, by personal service pursuant to CPLR 308, by certified mail, return receipt requested, or by regular mail; and upon the defendants by service upon their attorneys of record by personal service pursuant to CPLR 308, by certified mail, return receipt requested, or by regular mail; on or before the ~~21st~~ 3rd /day of ~~SEPTEMBER~~ October , 2017 be deemed good, timely, and sufficient service and notice hereof.

SEP 1 9 2017

ENTER,

_____
J. S. C.

HON. MOJGAN C. LANDMAN

ON ALL ORDERS TO SHOW CAUSE
THE ORIGINAL COPY TOGETHER WITH
AFFIDAVIT OF SERVICE MUST BE
SUBMITTED TO CLERK'S OFFICE 48 ← 48
HOURS PRIOR TO COURT DATE.

2

CIVIL COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------------X
JANICE BUCZKOWSKI,

                                 Plaintiffs,                      **ATTORNEY'S**

  -against-                                                     **AFFIRMATION**

                                                  **Index No.:** TS-300408-16/QU

JET BLUE AIRWAYS CORPORATION and AFCO/
AVPORT MANAGEMENT, LLC.,

                                               Defendants.
------------------------------------------------------------------------X

        Michael J. Asta, Esq., an attorney at law duly admitted to practice law before all the Courts of record of the State of New York, hereby affirms the following to be true upon information and belief under the penalties of perjury:

        1.      I am a principal of the law firm of Asta & Associates, P.C., attorneys for plaintiff in the above captioned action, and as such I am fully familiar with the facts and circumstances surrounding this application by virtue of a file maintained in my office.

        2.      This application, brought on by Order to Show Cause, seeks an Order extinguishing the liens and/or subrogation claims which the respondents herein have attempted to assert.

## I.   BRIEF FACTUAL AND PROCEDURAL BACKGROUND

        3.      This action was commenced by the filing of a Summons and Complaint on December 1, 2014. A copy of the Summons and Complaint is annexed hereto as Exhibit "A". Copies of defendants' Answers are annexed hereto as Exhibit "B". Amongst other things, the Complaint alleged negligence on the part of the defendants in causing a misleveled jetway which caused plaintiff to trip and fall as she attempted to disembark from her Jet Blue flight.

        4.      During the pendency of this case we received correspondence from Optum on behalf of United Healthcare Services, an insurance company, alleging a claim and/or subrogation interest in this matter. In their initial letter, Optum provided no documentation supporting their

claim that this is a self-funded ERISA plan (see Exhibit "C"). Optum then sent a letter on April 8, 2017 claiming a lien of $69,774.20 (Exhibit "D").

5.      Thereafter, on April 10, 2017 we requested information and documentation from Optum and JP Morgan Chase, Co., the plaintiff's husbands' employer at the time of her accident, regarding the health insurance plan. A copy of plaintiff's request is attached as Exhibit E. We advised in the letter that 29 U.S.C. Sec. 1132(c) requires that plan information be provided within 30 days from the receipt of the request or there is a penalty of $100 per day and other costs, including attorney's fees.

6.      Respondents then wrote back on April 26, 2017 providing few of the documents requested by plaintiff (Exhibit F). The documents provided were the plan, the medical summary of payments, and form 5500. The documents furnished by Optum provided no such evidence that the medical plan of the plaintiff is a self-funded ERISA plan. Specifically, Optum claimed to provide "recovery services" for the United HealthCare Services. Further, they provided plan documents from plaintiff's husbands' employer, JP Morgan Chase, Co., indicating that JP Morgan Chase, Co., contracted with United HealthCare Services to provide health insurance to its employees and their families.

7.      Attached as Exhibit G is the Form 5500 and Schedule A for JP Morgan Chase Health and Income Protection Plan for Active Employees. Per Section 9(a), the Plan funding arrangement is "Insurance", and per Section 9(b), the Plan benefit arrangement is "Insurance". Furthermore, Schedule A, Parl 1(a) the name of Insurance carrier is HIP Health Plan of New York. Schedule A, Part III, Welfare Contract Information, Benefit and Contract type, states there is a HMO contract.

8.      Plaintiff's medical bills were paid by insurance. Indeed, Optum seeks to recover for United Healthcare services, an insurance company.

9.      On June 26, 2017 plaintiff advised Optum in writing that under New York law, GOL § 5-335 bars a health insurer or benefit provider from interposing a claim or lien in a personal injury matter (see, June 26, 2017 letter, Exhibit "H"). It is clear that respondent United Healthcare

Services is not a self-funded ERISA plan. Rather plaintiff's husbands' employer, JP Morgan Chase, paid it to provide health insurance coverage to JP Morgan Chase employees and their families. This is the exact opposite of a self-funded arrangement. This is a traditional health insurance plan provided to the employees of another company.

      10.    Despite the evidence that this is not an ERISA plan, Optum refused to withdraw its claim per its letter of July 6, 2017 (Exhibit I).

## II.   RESPONDENT IS NOT A SELF-FUNDED ERISA PLAN, AND ACCORDINGLY NEW YORK STATE LAW IS NOT PREEMPTED

      11.    Janice Buczkowski's husband was employed by JP Morgan Chase, and JP Morgan Chase contracted with United Healthcare Services to provide health insurance benefits to its employees and their families. Thus, respondent United Healthcare is not a "self-funded ERISA plan." Rather, they are a traditional health insurer providing health care insurance benefits to the employees of another company, JP Morgan Chase, for a fee.

      12.    In the landmark United States Supreme case of <u>FMC Corp. v. Holliday</u>, 498 U.S. 52, 111 S.Ct. 403 (1990), the United States Supreme Court drew a critical distinction between self-funded ERISA plans and insured plans. With respect to the former, (the self-funded ERISA plans), State anti-subrogation laws will be preempted. <u>See</u> <u>FMC Corp.</u>, 498 U.S. at 61, 64-65. With respect to the latter, (insured plans), they will not be preempted. <u>See</u> <u>id.</u>

      13.    In its analysis of whether a State anti-subrogation law will be preempted, the United States Supreme Court looked at both the "saving clause" and the "deemer clause." The saving clause embodied in 29 U.S.C. § 1144(b)(2)(A) states as follows:

> "Except as provided in subparagraph (B) [the deemer clause], nothing in this subchapter shall be construed to exempt or relieve any person from any law of any state which regulates insurance, banking, or securities."

      14.    The U.S. Supreme Court held that the Pennsylvania anti-subrogation law in question regulated insurance. Specifically the Court stated that the Pennsylvania law

> "directly controls the terms of insurance contracts by invalidating any subrogation provisions that they contain. It does not merely

have an impact on the insurance industry; it is aimed at it. This returns the matter of subrogation to state law. Unless the statute is excluded from the reach of the saving clause by virtue of the deemer clause, therefore, it is not preempted."

FMC Corp., 498 U.S. at 61 (citations omitted).

15.　　The deemer clause embodied in 29 U.S.C. § 1144(b)(2)(B) states as follows: "Neither an employee benefit plan . . . nor any trust established under such a plan, shall be deemed to be an insurance company or other insurer, bank, trust company, or investment company or to be engaged in the business of insurance or banking for purposes of any law of any state purporting to regulate insurance companies, insurance contracts, banks, trust companies, or investment companies."

16.　　Interpreting the deemer clause, the United States Supreme Court states as follows: "We read the deemer clause to exempt self-funded ERISA plans from state laws that "regulate insurance" within the meaning of the saving clause. . . . As a result, **self-funded ERISA plans are exempt from state regulation** insofar as that regulation 'relate[s] to' the plans."

FMC Corp., 498 U.S. at 61 (emphasis added).

17.　　In so holding, the Supreme Court drew a critical distinction between self-insured ERISA plans, and plans which are insured. Specifically the Court held as follows: "An insurance company that insures a plan remains an insurer for purposes of state laws 'purporting to regulate insurance' after application of the deemer clause. The insurance company is therefore not relieved from state insurance regulation. The ERISA plan is consequently bound by state insurance regulations insofar as they apply to the plan's insurer."

Id.

18.　　The Court went on to note that if a plan is insured, it is subject to state regulation. Id. at 64.

19.　　There is a critical distinction between the case at bar and the facts before the Court in FMC Corp. v. Holliday. In FMC Corp. v. Holliday, the infant plaintiff's father was an employee of FMC Corporation. FMC Corporation self-funded its own plan. It did not purchase an insurance policy from any insurance company in order to satisfy its obligations to its participants.

20.     In the case at bar, however, plaintiff's husband was an employee of JP Morgan Chase. JP Morgan Chase contracted with respondent United Healthcare Services to provide health insurance benefits to JP Morgan Chase employees and their family members. While FMC Corporation self-funded its plan, JP Morgan Chase entered into an insurance contract with respondent to provide health care coverage to its employees. The self-funded plan at issue in FMC Corp. is exempt from state laws regulating insurance; the contract with respondent United Healthcare Services is not exempt from state laws, and is thus subject to New York State anti-subrogation law (GOL § 5-335).

21.     A recent case interpreting the United State Supreme Court holding in FMC Corp. v. Holliday is the case of Coleman v. Blue Cross & Blue Shield of Alabama, Inc., 53 So.3d 1052 (Fla. Dist. Ct. App., 1st Dist. 2010). Initially the Court in Coleman held that State Courts have jurisdiction to hear actions in which a participant or beneficiary of an ERISA plan seeks to enforce his or her rights, pursuant to 29 U.S.C. § 1132(a)(1)(B).

22.     Secondly, the Court held that anti-subrogation laws such as the Florida law in question, and such as New York's GOL § 5-335, "regulate insurance" within the meaning of the saving clause, and thus are not preempted unless the plan in question is a self-funded ERISA plan. See Coleman, 53 So.3d at 1052-60. In holding that the plan in question was not a self-funded ERISA plan, and thus holding that Florida's anti-subrogation laws apply, the Florida Court engaged in an extensive discussion of the deemer clause, review of which is appropriate here. The Florida Court specifically states as follows:

> "29 U.S.C. § 1003 defines self-insured employee benefit plans and states:
>
> (a)     Except as provided in subsection (b) or (c) of this section and in sections 1051, 1081, and 1101 of this title, this subchapter shall apply to any employee benefit plan if it is established or maintained -
>
> (1)     by any employer engaged **in commerce or in any industry or activity affecting commerce; or**

(2)    by any employee organization or organizations representing employees engaged in commerce or in any industry or activity affecting commerce; or

(3)    by both.

**Thus, the 'deemer clause' will only apply to those insurance plans which are self-funded by either by the employer or a union. In a self-funded insurance plan, the employer assumes the risk of providing medical benefits to employees with its own funds.** The employer provides a plan, similar to insured plans, setting out the eligibility and coverage limits. These plans, similar to insured employee benefits plans, are covered by ERISA unless exempted."

Coleman, 53 So.3d at 1058-59 (emphasis added) (citing 29 U.S.C. § 1003; FMC Corp., 498 U.S. at 61).

23.    Thus, only when an employer seeks to recover benefits paid to its own employee from its own self-funded plan, or when a union benefit plan seeks to recover from a union member, will state anti-subrogation laws be preempted. However, where United Healthcare attempts to recoup benefits paid to an JP Morgan Chase employee or his spouse, pursuant to a contract of insurance, state anti-subrogation laws such as GOL § 5-335 are not preempted.

**III.    RESPONDENTS HAVE NO RIGHT TO IMPOSE A CLAIM, LIEN, OR SUBROGATION INTEREST UNDER NEW YORK STATE LAW**

24.    As it is clear that respondents are not self-funded ERISA plans, and thus that New York State law is not preempted, the next inquiry is whether such an interest may be recognized under New York State law.

25.    Pursuant to GOL § 5-335, a private health insurer may not seek reimbursement or subrogation against any settling party with respect to benefits which it may have paid or was obligated to pay. Clearly, since plaintiffs' husband was employed by JP Morgan Chase and JP Morgan Chase contracted with United Healthcare to provide health insurance benefits to its employees and their families, respondent is a private health insurer.

26.    General Obligations Law § 5-335(a) states as follows:

> When a plaintiff settles with one or more defendants in an action for personal injuries...it shall be conclusively presumed that the settlement does not include any compensation for the cost of health care services...to the extent those losses or expenses have been or are obligated to be paid or reimbursed by a benefit provider, except for those payments as to which there is a statutory right of reimbursement.

27.    As noted above, since respondent is not a self-funded ERISA plan, it has no right of recovery under Federal law in this matter, and New York State law is not preempted.

28.    In view of the above, it is crystal clear that respondent has no right of recovery under Federal law, and no right of recovery under State law either. This has been pointed out to respondent, and in writing, on numerous occasions. Nonetheless respondent has refused to withdraw its claims in this matter. Accordingly, costs should be imposed against the respondent.

29.    No prior application for this relief has been made to this or any other Court or Judge.

**WHEREFORE,** it is respectfully requested that the instant application be granted in its entirety, and for such other and further relief as to this Court may seem just and proper.

Dated: New York, New York
       September 18, 2017

    I have read the foregoing and I certify that, upon information and belief, the source of which is the review of a file maintained by my office, the foregoing Attorney's Affirmation is not frivolous as defined in Subsection (c) of Section 130-1.1 of the rules of the Chief Administrator.

                                              Michael J. Asta, Esq.

# EXHIBIT A

FILED: QUEENS COUNTY CLERK 12/01/2014 01:58 PM

NYSCEF DOC. NO. 1

INDEX NO. 709139/2014

RECEIVED NYSCEF: 12/01/2014

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------X
JANICE BUCZKOWSKI,

                          Plaintiff,

          -against-

JET BLUE AIRWAYS CORPORATION, and AFCO/
AVPORT MANAGEMENT, LLC,

                          Defendants.
------------------------------------------------------------------X

Index No.: 709139/2014
Date Filed: 12/01/2014

SUMMONS

Plaintiff designates QUEENS
County as the place of trial.

The basis of venue is defendant Jet
Blue Airways Corporation's place
of business.

JETBLUE AIRWAYS

DEC 1 0 2014

LEGAL DEPT.

To the above named Defendant(s):

          You are hereby summoned to answer the complaint in this action and to serve a copy of
your answer, or, if the complaint is not served with this summons, to serve a notice of
appearance, on the Plaintiff's attorneys within 20 days after the service of this summons,
exclusive of the day of service (or within 30 days after the service is complete if this summons is
not personally delivered to you within the State of New York); and in case of your failure to
appear or answer, judgment will be taken against you by default for the relief demanded in the
complaint.

Dated: New York, New York
          December 1, 2014

                                                   _____
                                                   REZA REZVANI

                                                   Law Offices of Asta & Associates, P.C.
                                                   Attorneys for Plaintiff
                                                   450 Seventh Avenue, Suite 2205
                                                   New York, New York 10123
                                                   Telephone No.: (212) 244-6555

TO:

Jet Blue Airways Corporation
27-01 Queens Plaza
Long Island City, New York 11101

AFCO AvPorts Management, LLC
45025 Aviation Drive, Suite 100
Dulles International Airport
Dulles, VA 20166

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
---------------------------------------------------------------------X
JANICE BUCZKOWSKI,

                        Plaintiff,

                -against-

JET BLUE AIRWAYS CORPORATION and AFCO/
AVPORT MANAGEMENT, LLC,

                    Defendants.
----------------------------------------------------------------X

Index No.: 709139/2014

**VERIFIED COMPLAINT**

Plaintiff, JANICE BUCZKOWSKI (hereinafter, "Plaintiff"), complaining of the Defendants, by her attorneys, LAW OFFICES OF ASTA & ASSOCIATES, P.C., as and for her Verified Complaint, respectfully alleges upon information and belief as follows:

1.    That at all times hereinafter mentioned, the Plaintiff, JANICE BUCZKOWSKI, was and still is, a resident of the County of Seminole, State of Florida.

2.  That at all times hereinafter mentioned, defendant JET BLUE AIRWAYS CORPORATION (hereinafter "JETBLUE") was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

3.  That at all times hereinafter mentioned, defendant JET BLUE was and still is a foreign corporation, authorized to conduct business in the State of New York.

4.  That at all times hereinafter mentioned, defendant JET BLUE, maintained a principal place of business in the County of Queens, State of New York.

5. That at all times hereinafter mentioned, defendant AFCO/ AVPORT MANAGEMENT, LLC (hereinafter "AFCO"), was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

6. That at all times hereinafter mentioned, defendant AFCO was and still is a foreign corporation, authorized to conduct business in the State of New York.

7. That at all times hereinafter mentioned, defendant AFCO, did business in the State of New York.

8. That at all times hereinafter mentioned, there was premises known as Westchester County Airport, located at 214 Airport Road, County of Westchester, State of New York.

9. That at all times hereinafter mentioned, the defendant JET BLUE was the owner of an airline terminal at the premises known as Westchester County Airport, located at 214 Airport Road, County of Westchester, State of New York.

10. That at all times hereinafter mentioned, the defendant JET BLUE leased an airline terminal at the premises known as Westchester County Airport, located at 214 Airport Road, County of Westchester, State of New York.

11. That at all times hereinafter mentioned, the defendant JET BLUE operated an airline terminal at the premises known as Westchester County Airport, located at 214 Airport Road, County of Westchester, State of New York.

12. That at all times hereinafter mentioned, the defendant JET BLUE controlled an airline terminal at the premises known as Westchester County Airport, located at 214 Airport Road, County of Westchester, State of New York.

13. That at all times hereinafter mentioned, the defendant JET BLUE maintained an

airline terminal at the premises known as Westchester County Airport, located at 214 Airport Road, County of Westchester, State of New York.

14. That at all times hereinafter mentioned, the defendant JET BLUE managed airline terminal at the premises known as Westchester County Airport, located at 214 Airport Road, County of Westchester, State of New York.

15. That at all times hereinafter mentioned, the defendant AFCO operated the premises known as Westchester County Airport, located at 214 Airport Road, County of Westchester, State of New York.

16. That at all times hereinafter mentioned, the defendant AFCO controlled the premises known as Westchester County Airport, located at 214 Airport Road, County of Westchester, State of New York.

17. That at all times hereinafter mentioned, the defendant AFCO maintained the premises known as Westchester County Airport, located at 214 Airport Road, County of Westchester, State of New York.

18. That at all times hereinafter mentioned, the defendant AFCO managed the premises known as Westchester County Airport, located at 214 Airport Road, County of Westchester, State of New York.

19. That at all times hereinafter mentioned, the Westchester County airport was a public-use airport frequented by the public in general.

20. That at all times hereinafter mentioned, the Westchester County Airport had a jet way.

21. At all times hereinafter mentioned. the jet way at the Westchester County Airport. was and still is an airport runway, in the County of White Plains. State of New York.

22. That at all times hereinafter mentioned. pedestrians would use the jet way at the Westchester County Airport to get to the airport terminal.

23. That at all times hereinafter mentioned. pedestrians travelling on JET BLUE flights would use the jet way at the Westchester County Airport to get to the airport terminal.

24. That on June 7. 2014. plaintiff was a passenger on a JET BLUE flight which landed at the Westchester County Airport.

25. That on June 7. 2014. while this plaintiff was lawfully a pedestrian on the jet way at Westchester County Airport. she was caused to trip and fall and sustained serious and permanent injuries.

26. That at all times hereinafter mentioned. the defendant JET BLUE was the owner of the jet way at the Westchester County Airport.

27. That at all times hereinafter mentioned, the defendant JET BLUE leased the jet way at the Westchester County Airport.

28. That at all times hereinafter mentioned. the defendant JET BLUE operated the jet way at the Westchester County Airport.

29. That at all times hereinafter mentioned. the defendant JET BLUE controlled the jet way at the Westchester County Airport.

30. That at all times hereinafter mentioned. the defendant JET BLUE maintained the jet way at the Westchester County Airport.

31. That at all times hereinafter mentioned, the defendant JET BLUE managed the jet way at the Westchester County Airport.

32. That at all times hereinafter mentioned, the defendant AFCO operated the jet way at the Westchester County Airport.

33. That at all times hereinafter mentioned, the defendant AFCO controlled the jet way at the Westchester County Airport.

34. That at all times hereinafter mentioned, the defendant AFCO maintained the jet way at the Westchester County Airport.

35. That at all times hereinafter mentioned, the defendant AFCO managed the jet way at the Westchester County Airport.

## AS AND FOR A FRIST CAUSE OF ACTION FOR NEGLIGENCE AGAINST ALL DEFENDANTS

36. That all times hereinafter mentioned, by virtue of the carelessness, recklessness and negligence of the defendants, and each of them, their agents, servants and or employees in the maintenance and operation and control of the aforesaid property, a dangerous, unlawful and public nuisance was created, allowed and permitted to occur on the premises known as Westchester County Airport, located at 214 Airport Road, County of Westchester, State of New York

37. That on June 7, 2014, while the plaintiff was lawfully and properly deplaning the JET BLUE plane she had been travelling on at the aforementioned location, she was caused to trip and fall on a hazardous surface which was present due to defendant's negligence, causing an unsafe, dangerous and otherwise hazardous condition on the jet way on the premises known as Westchester County Airport, located at 214 Airport Road, County of Westchester, State of New York, wherein and whereby the plaintiff was caused to sustain serious and severe personal injuries.

38. That on or about June 7, 2014, and for a considerable period of time prior thereto, the Defendants, their agents, servants and/or employees had negligently, recklessly and carelessly caused, allowed and permitted the said premises to be, become and remain in a dangerous and defective condition for an unreasonably long and continuing period of time: thereby exposing guests and others lawfully on the said premises to an unreasonable risk of harm and the Defendants, their agents, servants and/or employees, were otherwise reckless and careless in the premises.

39. That the said occurrence and the injuries resulting therefrom and sustained by the Plaintiff, was caused by reason of the negligence and carelessness of the Defendants, their agents, servants and/or employees, in connection with the ownership, operation, maintenance and control of the said premises.

40. That as a result of the aforesaid accident caused by Defendants negligence, Plaintiff, has suffered severe personal injuries, both temporary and permanent, has suffered and will suffer pain and mental anguish, has been and will be compelled to expend substantial sums of money for hospital, medical aid and assistance; has been and will be disabled from her vocation, and has been otherwise damaged in a sum of money having a present value that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter, along with fees, costs, and expenses.

41. This action falls within one or more of the exceptions set forth in CPLR §1602 (1)(2)(3)(4)(5)(6)(7)(8)(9)(10)(11)(12)(13).

WHEREFORE, the Plaintiff demands judgment against the Defendants in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which

Verification

STATE OF NEW YORK)
                                    ) ss:
COUNTY OF NEW YORK)

Reza Rezvani an attorney duly admitted to practice law in the Courts of this State affirms the truth of the following under penalty of perjury and pursuant to Rule 2106 of the CPLR: I am the attorney of record for the plaintiff herein. I have read the annexed Summons and Verified Complaint, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, as to those matters I believe them to be true. My knowledge is based upon conversations with the plaintiff and upon records on file in our office.

The reason I make this verification instead of plaintiff, is because said plaintiff is not within the County where my firm maintains its office.

Dated: December 1, 2014
       New York, NY

                                                    _____
                                                         Reza Rezvani

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------x
Janice Buczkowski

               Plaintiff(s)/Petitioner(s),                 Index No. 709139/14

      - against -

Jet Blue Airways Corporation, et al.

               Defendant(s)/Respondent(s).
-------------------------------------------------------x

## NOTICE REGARDING AVAILABILITY OF ELECTRONIC FILING
### SUPREME COURT CASES

        PLEASE TAKE NOTICE that plaintiff(s)/petitioner(s) [defendant(s)/respondent(s)] in the case captioned above intends that this matter proceed as an electronically-filed case in the New York State Courts Electronic Filing System ("NYSCEF") in accordance with the procedures therefor, set forth in Uniform Rule 202.5-b and described below.  Under that Rule, filing and service of papers by electronic means cannot be made by a party nor can electronic service be made upon a party unless that party has consented to use of the System for the case in question. Each party served with this Notice must promptly file with the court and serve on all other parties either a consent or a declination of consent to electronic filing and service through NYSCEF for this case. (See Instruction # 2 below.)

### General Information

        Electronic filing offers significant benefits for attorneys and litigants, permitting documents to be filed with the County Clerk and the court and served, between or among consenting parties, by posting the documents on the NYSCEF Website, which can be done at any time of the day or night on any day of the week.  There is no fee to use the NYSCEF System, whether for filing, service, or consultation of the electronic docket, nor is there a charge to print documents from the docket.  Normal filing fees must be paid, but this can be done by credit or bank card on-line.  For additional procedures and information, see Uniform Rule 202.5-b, any e-filing protocol that may have been promulgated by the court in question, and  the NYSCEF Website at www.nycourts.gov/efile.

## Instructions

1.  Service of this Notice constitutes consent to e-filing and a statement of intent by the undersigned to use the NYSCEF System in this case. When an action or proceeding is being commenced through the NYSCEF System, this Notice must accompany service of the initiating papers.

2.  Each party served with this Notice may consent to e-filing either: (i) by filing with the court and serving on all parties of record a consent to e-filing, or (ii) if an authorized e-filing user, by filing a consent electronically in the manner provided at the NYSCEF site. Parties who do not wish to consent must file and serve a written declination of consent. If one party or some but fewer than all parties consent, NYSCEF may be used by and between or among consenting parties.

3.  Each participating attorney, unless already registered, or self-represented party must PROMPTLY create a NYSCEF account and obtain the confidential Filing User Identification Number and Password necessary to use the system. To create a NYSCEF account, go to www.nycourts.gov/efile, click the Create an Account link, and follow the instructions.

4.  For additional information about NYSCEF, see the *User's Manual* and *Frequently Asked Questions* on the Website, or contact the court in question or the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov; mailing address: 60 Centre Street, New York, New York 10007).

Dated: 12/1/2014

_____ (Signature)          (212) 244-6555 _____ (Phone)

Reza Rezvani _____ (Name)          (212) 244-4757 _____ (Fax)

Asta & Associates, P.C. _____ (Firm)          para1@astalaw.com _____ (E-mail)

450 Seventh Ave, Suite 2205 (Address)

New York, NY 10123

Attorney(s) for Plaintiff _____

6/4/14

2

Index No.    709139/14    Year 20    14

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

JANICE BUCZKOWSKI

                                        Plaintiff,

-against-

JET BLUE AIRWAYS CORPORATION, and AFCO/AVPORT
MANAGEMENT, LLC,

                                        Defendants.

## SUMMONS AND VERIFIED COMPLAINT

LAW OFFICES OF
**MICHAEL J. ASTA**
PLAINTIFF

*Attorney for*

450 SEVENTH AVENUE
SUITE 2205
NEW YORK, NY 10123
TEL (212) 244-5555

*Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.*

Dated:                              Signature

                             Print Signer's Name

*Service of a copy of the within*                             *is hereby admitted.*

Dated:

                               *Attorney(s) for*

**PLEASE TAKE NOTICE**

☐   *that the within is a (certified) true copy of a*
NOTICE OF *entered in the office of the clerk of the within-named Court on*        20
ENTRY

☐   *that an Order of which the within is a true copy will be presented for settlement to the*
NOTICE OF *Hon.*                        *one of the Judges of the within-named Court,*
SETTLEMENT *at*
       *on*                  20      *at*                M.

Dated:

                                   LAW OFFICES OF
                                   **MICHAEL J. ASTA**

                     *Attorney for*

To:                                        450 SEVENTH AVENUE
                                       SUITE 2205
                                       NEW YORK, NY 10123

*Attorney(s) for*

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

JANICE BUCZKOWSKI,

                      Plaintiff,

          - against -

JET BLUE AIRWAYS CORPORATION, and
AFCO/AVPORT MANAGEMENT, LLC,

                   Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Index No.: 709139/14

AFCO AVPORTS MANAGEMENT
LLC D/B/A AVPORTS'
VERIFIED ANSWER WITH
AFFIRMATIVE DEFENSES
AND CROSS-CLAIMS

      Defendant, AFCO AVPORTS MANAGEMENT LLC D/B/A AVPORTS i/s/h/a

AFCO/AVPORT MANAGEMENT, LLC (hereinafter referred to as "AVPORTS"), by and

through its attorneys, PINO & ASSOCIATES, LLP, for its Verified Answer to Plaintiff's

Verified Complaint, states as follows:

      1.     Defendant denies knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph "1" of the Plaintiff's Verified Complaint.

      2.     Defendant denies knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph "2" of the Plaintiff's Verified Complaint.

      3.     Defendant denies knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph "3" of the Plaintiff's Verified Complaint.

      4.     Defendant denies knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph "4" of the Plaintiff's Verified Complaint.

      5.     Defendant denies the truth of the allegations contained in Paragraph "5" of the

Plaintiff's Verified Complaint, except admits that Defendant, AFCO AVPORTS

MANAGEMENT LLC D/B/A AVPORTS i/s/h/a AFCO/AVPORT MANAGEMENT, LLC,

NO & ASSOCIATES, LLP
ATTORNEYS AT LAW
Westchester Financial Center
50 Main Street
White Plains, NY 10606
Telephone
(914) 946-0600
Facsimile
(914) 946-0650

278829.1

was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

6.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "6" of the Plaintiff's Verified Complaint.

7.    Defendant denies each and every allegation contained in Paragraph "7" of the Plaintiff's Verified Complaint, except admits that Defendant, AFCO AVPORTS MANAGEMENT LLC D/B/A AVPORTS i/s/h/a AFCO/AVPORT MANAGEMENT, LLC, did business in the State of New York.

8.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "8" of the Plaintiff's Verified Complaint.

9.    Defendant denies each and every allegation contained in Paragraph "9" of the Plaintiff's Verified Complaint.

10.    Defendant denies the truth of the allegations contained in Paragraph "10" of the Plaintiff's Verified Complaint, except admits they entered into a Terminal Use Agreement with The County of Westchester providing for them to conduct airline operations in the terminal.

11.    Defendant denies the truth of the allegations contained in Paragraph "11" of the Plaintiff's Verified Complaint, except admits they entered into a Terminal Use Agreement with The County of Westchester providing for them to conduct airline operations in the terminal.

12.    Defendant denies the truth of the allegations contained in Paragraph "12" of the Plaintiff's Verified Complaint, except admits they entered into a Terminal Use Agreement with The County of Westchester providing for them to conduct airline operations in the terminal.

IO & ASSOCIATES, LLP

ATTORNEYS AT LAW
Westchester Financial Center
50 Main Street
White Plains, NY 10606
Telephone
(914) 946-0600
Facsimile
(914) 946-0650

2

280119 1

13.     Defendant denies the truth of the allegations contained in Paragraph "13" of the Plaintiff's Verified Complaint, except admits they entered into a Terminal Use Agreement with The County of Westchester providing for them to conduct airline operations in the terminal.

14.     Defendant denies the truth of the allegations contained in Paragraph "14" of the Plaintiff's Verified Complaint, except admits they entered into a Terminal Use Agreement with The County of Westchester providing for them to conduct airline operations in the terminal.

15.     Defendant denies each and every allegation contained in Paragraph "15" of the Plaintiff's Verified Complaint, except admits that AVPORTS operates certain aspects of the Airport which are not operated by other entities pursuant to contract, subcontract and/or agreement.

16.     Defendant, AVPORTS can neither confirm nor deny the allegations contained in Paragraph "16" of the Plaintiff's Verified Complaint, and states that the phrase "controlled the premises" is a legal conclusion and as such is the sole purview of the Court.

17.     Defendant denies each and every allegation contained in Paragraph "17" of the Plaintiff's Verified Complaint, except admits that AVPORTS maintains certain aspects of the Airport which are not maintained by other entities pursuant to contract, subcontract and/or agreement.

18.     Defendant denies each and every allegation contained in Paragraph "18" of the Plaintiff's Verified Complaint, except admits that AVPORTS manages certain aspects of the Airport which are not managed by other entities pursuant to contract, subcontract and/or agreement.

19.     Defendant admits the allegations contained in Paragraph "19" of the Plaintiff's Verified Complaint.

YO & ASSOCIATES, LLP
ATTORNEYS AT LAW
Westchester Financial Center
50 Main Street
White Plains, NY 10606
Telephone
(914) 946-0600
Facsimile
(914) 946-0538

280119.1

3

20.     Defendant admits the allegations contained in Paragraph "20" of the Plaintiff's Verified Complaint.

21.     Defendant denies each and every allegation contained in Paragraph "21" of the Plaintiff's Verified Complaint.

22.     Defendant denies each and every allegation contained in Paragraph "22" of the Plaintiff's Verified Complaint.

23.     Defendant denies each and every allegation contained in Paragraph "23" of the Plaintiff's Verified Complaint.

24.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "24" of the Plaintiff's Verified Complaint.

25.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "25" of the Plaintiff's Verified Complaint.

26.     Defendant denies each and every allegation contained in Paragraph "26" of the Plaintiff's Verified Complaint.

27.     Defendant denies each and every allegation contained in Paragraph "27" of the Plaintiff's Verified Complaint.

28.     Defendant denies each and every allegation contained in Paragraph "28" of the Plaintiff's Verified Complaint.

29.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "29" of the Plaintiff's Verified Complaint.

30.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "30" of the Plaintiff's Verified Complaint.

O & ASSOCIATES, LLP
ATTORNEYS AT LAW
Westchester Financial Center
50 Main Street
White Plains, NY 10606
Telephone
(914) 946-8600
Facsimile
(914) 946-0650

280119.1

31.     Defendant denies each and every allegation contained in Paragraph "31" of the Plaintiff's Verified Complaint.

32.     Defendant admits the allegations contained in Paragraph "32" of the Plaintiff's Verified Complaint.

33.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "33" of the Plaintiff's Verified Complaint.

34.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "34" of the Plaintiff's Verified Complaint.

35.     Defendant admits allegations contained in Paragraph "35" of the Plaintiff's Verified Complaint.

## AS AND FOR A RESPONSE TO THE PLAINTIFF'S FIRST CAUSE OF ACTION FOR NEGLIGENCE AGAINST ALL DEFENDANTS

36.     Answering Paragraph "36" of the Plaintiff's Verified Complaint, Defendant, AVPORTS, repeats, reiterates and realleges each of its answers to Paragraphs "1" through "35" of the Plaintiffs' Verified Complaint with the same force and effect as if herein set forth in full.

37.     Defendant denies the truth of the allegations contained in Paragraph "37" of the Plaintiff's Verified Complaint.

38.     Defendant denies each and every allegation contained in Paragraph "38" of the Plaintiff's Verified Complaint.

39.     Defendant denies each and every allegation contained in Paragraph "39" of the Plaintiff's Verified Complaint.

40.     Defendant denies each and every allegation contained in Paragraph "40" of the Plaintiff's Verified Complaint.

10 & ASSOCIATES, LLP
ATTORNEYS AT LAW
Westchester Financial Center
50 Main Street
White Plains, NY 10606
Telephone
(914) 946-0600
Facsimile
(914) 946-0650

280119 1

5

41.    Defendant denies each and every allegation contained in Paragraph "41" of the Plaintiff's Verified Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

That any and all risks, hazards and dangers were open, obvious and apparent, natural and inherent and known or should have been known by the Plaintiff herein and that Plaintiff assumed all such risks, hazards and defects.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

In the event that Plaintiff recovers a verdict or judgment against this answering Defendant, then the verdict or judgment must be reduced pursuant to CPLR 4545(c) by those amounts which have been, or will, with reasonable certainty, replace or indemnify the Plaintiff in whole or in part, for any past or future claimed economic loss, from any collateral source, such as insurance, Social Security, Workers' Compensation or employee benefit programs.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

Any damages allegedly sustained by Plaintiff was caused or contributed to by her own negligence or culpable conduct and this answering Defendant is, therefore, not liable to the Plaintiff or, alternatively, this Defendant's liability to Plaintiff is partial only and should be reduced in accordance with applicable law.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

Any damages allegedly sustained by Plaintiff were caused by the direct and proximate negligence or intentional conduct of other parties, their agents or employees, or by others unknown at this time over whom this answering Defendant had no control at any time relevant hereto, and in the event this answering Defendant is found liable to Plaintiff, which liability is

VO & ASSOCIATES, LLP
ATTORNEYS AT LAW
Westchester Financial Center
50 Main Street
White Plains, NY 10606
Telephone
(914) 946-0600
Facsimile
(914) 946-0650

6

280119.1

expressly denied, this answering Defendant will be entitled to indemnification, contribution or apportionment of liability pursuant to applicable law.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

The damages allegedly sustained by Plaintiff were not proximately caused by any negligence or culpable conduct on the part of this answering Defendant.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

This Answering Defendant's liability, if any, is limited under Article 16 of the Civil Practice Laws of the State of New York.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

Plaintiff's damages were caused and brought about by an intervening and superseding cause and were not caused by this answering Defendant, or by a person or entity for whom this answering Defendant is responsible.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

Plaintiff assumed the risk of the alleged damages and on that account this answering Defendant is not liable to the Plaintiff.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

This answering Defendant did not create a defective or dangerous condition, had no actual or constructive notice of a dangerous or defective condition, and did not have a reasonable time within which to correct any such alleged condition, or warn others about its existence.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

This Answering Defendant, pursuant to §§1411, 1412 and other applicable provisions of the Civil Practice Law and Rules, allege that if the Plaintiff sustained any damages at the time and place alleged in the Complaint, such damages were the result of the negligent conduct of the

NO & ASSOCIATES, LLP
ATTORNEYS AT LAW
Westchester Financial Center
50 Main Street
White Plains, NY 10606
Telephone
(914) 946-0600
Facsimile
(914) 946-0650

7

Plaintiff or the result of the Plaintiff's assumption of risk. Should it be found, however, that this Answering Defendant is liable to the Plaintiff, any liability being specifically denied, then this Answering Defendant alleges that if any damages are found they are to be apportioned among all parties hereto according to the degree of responsibility that each is found to have in the occurrence, in proportion to the entire measure of responsibility for the occurrence.

**AS AND FOR A FIRST CROSS-CLAIM AGAINST DEFENDANT,**
**JET BLUE AIRWAYS CORPORATION**

FIRST: Whatever injuries and damages were sustained by the Plaintiff were directly and proximately caused by the acts, omissions, fault and negligence of Defendant, JET BLUE AIRWAYS CORPORATION, or their agents, servants and/or employees, without any active or affirmative negligence or culpable conduct on the part of this Answering Defendant contributing thereto.

SECOND: If any verdict or judgment is recovered in this action by the Plaintiff for the damages alleged in the Plaintiff's Verified Complaint, such verdict of judgment will have been brought about and caused solely by the reason of the carelessness, negligence, both of omission and commission or other culpable conduct on the part of Defendant, JET BLUE AIRWAYS CORPORATION, or their agents, servants and/or other employees, and this Answering Defendant is therefore, entitled to full indemnity in an amount equal to the sum of any verdict or judgment from the Defendant, JET BLUE AIRWAYS CORPORATION, together with costs and disbursements of the within action.

O & ASSOCIATES, LLP

ATTORNEYS AT LAW
Westchester Financial Center
50 Main Street
White Plains, NY 10606
Telephone
(914) 946-0600
Facsimile
(914) 946-0650

280119.1

8

## AS AND FOR A SECOND CROSS-CLAIM AGAINST DEFENDANT, JET BLUE AIRWAYS CORPORATION

THIRD: Whatever injuries and damages were sustained by the Plaintiff were caused in substantial part by the acts, omissions, fault and negligence of the Defendant, JET BLUE AIRWAYS CORPORATION, or their agents, servants and/or employees.

FOURTH: If any verdict or judgment is recovered in this case by the Plaintiff for the damages alleged in the Plaintiff's Verified Complaint, such verdict or judgment will have been brought about in part by the carelessness, negligence, both of omission and commission, or other culpable conduct on the part of the Defendant, JET BLUE AIRWAYS CORPORATION, or their agents, servants and/or employees, and this Answering Defendant is therefore entitled to contribution from the Defendant, JET BLUE AIRWAYS CORPORATION, or their agents, servants and/or employees, in accordance with the parties respective culpability.

PLEASE TAKE NOTICE, an Answer to these Cross-Claims is hereby demanded.

WHEREFORE, Defendant, AFCO AVPORTS MANAGEMENT LLC D/B/A AVPORTS i/s/h/a AFCO/AVPORT MANAGEMENT, LLC, demands that the Plaintiff's Verified Complaint be dismissed together with the costs of disbursements of the within action, and any other relief which this Court may deem just and proper under the circumstances.

Dated: White Plains, New York
January 19, 2015

Brian W. Colistra
PINO & ASSOCIATES, LLP
Attorneys for Defendants
AFCO AVPORTS MANAGEMENT LLC
D/B/A AVPORTS i/s/h/a AFCO/AVPORT
MANAGEMENT, LLC
Westchester Financial Center
50 Main Street
White Plains, New York 10606
Tel: (914) 946-0600
Fax: (914) 946-0650

NO & ASSOCIATES, LLP
ATTORNEYS AT LAW
Westchester Financial Center
50 Main Street
White Plains, NY 10606
Telephone
(914) 946-0600
Facsimile
(914) 946-0650

2B0119 1

9

TO:   Reza Rezvani, Esq.
      LAW OFFICES OF ASTA & ASSOCIATES, P.C.
      Attorneys for Plaintiff
      450 Seventh Avenue, Suite 2205
      New York, New York 10123
      (212) 244-6555

      JET BLUE AIRWAYS CORPORATION
      27-01 Queens Plaza
      Long Island City, New York 11101

O & ASSOCIATES, LLP

ATTORNEYS AT LAW
Westchester Financial Center
50 Main Street
White Plains, NY 10606
Telephone
(914) 946-0600
Facsimile
(914) 946-0650

280119.1

10

## ATTORNEY'S VERIFICATION

The undersigned, an attorney, duly admitted to practice law in the Courts of the State of New York, affirms, under the penalties of perjury, the following:

I am a member of the law firm of Pino & Associates, LLP the attorneys of record for Defendant, AFCO AVPORTS MANAGEMENT LLC D/B/A AVPORTS, in the within action. I have read the foregoing AFCO AVPORTS MANAGEMENT LLC D/B/A AVPORTS' VERIFIED ANSWER WITH AFFIRMATIVE DEFENSES AND CROSS-CLAIMS and know the contents thereof; that the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true. The reason this Verification is made by me and not by the Defendant is that Defendant resides in a county other than that in which the office of Pino & Associates, LLP is located.

The grounds for my belief as to all matters not stated upon my knowledge are investigations, which I have made or have caused to be made concerning the subject matter of this action.

Dated:   White Plains, New York
         January 19, 2015

BRIAN W. COLISTRA

NO & ASSOCIATES, LLP
ATTORNEYS AT LAW
Westchester Financial Center
50 Main Street
White Plains, NY 10506
Telephone
(914) 946-0600
Facsimile
(914) 946-0650

280119.1

11

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

| | |
|---|---|
| JANICE BUCZKOWSKI,<br><br>                                      Plaintiff,<br><br>     -against-<br><br>JETBLUE AIRWAYS CORPORATION and<br>AFCO/AVPORT MANAGEMENT, LLC<br><br>                                 Defendants. | Index No. 709139/14<br><br>VERIFIED ANSWER ON<br>BEHALF OF JETBLUE<br>AIRWAYS<br>CORPORATION |

Defendant, JETBLUE AIRWAYS CORPORATION ("JETBLUE") which has been wrongly referenced herein as "Jet Blue," by and through its attorneys ALIMONTI LAW OFFICES, P.C., as and for an Answer to the Plaintiff's Verified Complaint, dated December 1, 2014, ("Complaint") alleges as follows:

1.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph ONE of the Complaint.

2.     Denies each and every allegation in paragraph TWO of the Complaint and reiterates the proper corporate name of JetBlue as set forth in the corrected caption.

3.     Admits the allegations in paragraph THREE of the Complaint.

4.     Admits the allegations in paragraph FOUR of the Complaint.

5.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph FIVE of the Complaint.

6.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph SIX of the Complaint.

7.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph SEVEN of the Complaint.

8. Admits the allegations in paragraph EIGHT of the Complaint.

9. Denies each and every allegation in paragraph NINE of the Complaint.

10. Admits that JETBLUE leases certain portions of the terminal a Westchester County Airport from Westchester County, and that its servants, agents and/or employees managed, maintained and operated in certain areas under the lease, and denies each and every remaining allegation in paragraph TEN of the Complaint.

11. Admits that JETBLUE leases certain portions of the terminal a Westchester County Airport from Westchester County, and that its servants, agents and/or employees managed, maintained and operated in certain areas under the lease, and denies each and every remaining allegation in paragraph ELEVEN of the Complaint.

12. Admits that JETBLUE leases certain portions of the terminal a Westchester County Airport from Westchester County, and that its servants, agents and/or employees managed, maintained and operated in certain areas under the lease, and denies each and every remaining allegation in paragraph TWELVE of the Complaint.

13. Admits that JETBLUE leases certain portions of the terminal a Westchester County Airport from Westchester County, and that its servants, agents and/or employees managed, maintained and operated in certain areas under the lease, denies each and every remaining allegation in paragraph THIRTEEN of the Complaint.

14. Admits that JETBLUE leases certain portions of the terminal a Westchester County Airport from Westchester County, and that its servants, agents and/or employees managed, maintained and operated in certain areas under the lease, and denies each and every remaining allegation in paragraph FOURTEEN of the Complaint.

15. Denies knowledge and information sufficient to form a belief as to the truth of the

2

allegations in paragraph FIFTEEN of the Complaint, and respectfully refers all questions of law to the Court.

16. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph SIXTEEN of the Complaint, and respectfully refers all questions of law to the Court.

17. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph SEVENTEEN of the Complaint.

18. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph EIGHTEEN of the Complaint.

19. To the extent directed at JETBLUE, denies each and every allegation in paragraph NINETEEN of the Complaint as vague and ambiguous.

20. Objects to the term "jet way" as undefined; without waiving such objection, admits that a boarding apparatus commonly referred to as a "jetbridge" or "jetway" can be found at Westchester County Airport and denies the truth of the remaining allegations in paragraph TWENTY of the Complaint.

21. Denies the allegations of paragraph TWENTY-ONE of the Complaint, which are unintelligible; a jetway and/or jetbridge can never be a runway.

22. Objects as the term "jet way" as undefined and admits that ticketed passengers might use a boarding apparatus commonly referred to as a "jetbridge" or "jetway" at Westchester County Airport and denies the truth of the remaining allegations in paragraph TWENTY-TWO of the Complaint.

23. Objects to the term "jet way" as undefined, without waiving such objection, admits that passengers may be directed to use a jetbridge on some JETBLUE flights departing from

3

and arriving at Westchester County Airport, and denies the truth of the remaining allegations in paragraph TWENTY-THREE of the Complaint.

24. Admit that a passenger with the ticketed name of Janice Buczkowski was onboard JetBlue Flight 940 from Orlando International Airport to Westchester County Airport ("HPN") on June 7, 2014 and denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph TWENTY-FOUR of the Complaint.

25. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph TWENTY-FIVE of the Complaint.

26. Denies the allegations in paragraph TWENTY-SIX of the Complaint.

27. Admits that JETBLUE leases certain portions of the terminal a Westchester County Airport from Westchester County, and that its servants, agents and/or employees managed, maintained and operated in certain areas under the lease, and denies each and every remaining allegation in paragraph TWENTY-SEVEN of the Complaint.

28. Admits that JETBLUE leases certain portions of the terminal a Westchester County Airport from Westchester County, and that its servants, agents and/or employees managed, maintained and operated in certain areas under the lease, and denies each and every remaining allegation in paragraph TWENTY-EIGHT of the Complaint.

29. Admits that JETBLUE leases certain portions of the terminal a Westchester County Airport from Westchester County, and that its servants, agents and/or employees managed, maintained and operated in certain areas under the lease, and denies each and every remaining allegation in paragraph TWENTY-NINE of the Complaint.

30. Admits that JETBLUE leases certain portions of the terminal a Westchester County Airport

4

from Westchester County, and that its servants, agents and/or employees managed, maintained and operated in certain areas under the lease, and denies each and every remaining allegation in paragraph THIRTY of the Complaint.

31. Admits that JETBLUE leases certain portions of the terminal a Westchester County Airport from Westchester County, and that its servants, agents and/or employees managed, maintained and operated in certain areas under the lease, and denies each and every remaining allegation in paragraph THIRTY-ONE of the Complaint.

32. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph THIRTY-TWO of the Complaint.

33. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph THIRTY-THREE of the Complaint.

34. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph THIRTY-FOUR of the Complaint.

35. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph THIRTY-FIVE of the Complaint

### ANSWERING "AS AND FOR THE SECOND CAUSE OF ACTION FOR NEGLIGENCE AGAINST ALL DEFENDANTS"

36. Denies each and every allegation to the extent directed at JETBLUE in paragraph THIRTY-SIX of the Complaint, and respectfully refers all questions of law to the Court.

37. Denies each and every allegation to the extent directed at JETBLUE in paragraph THIRTY-SEVEN of the Complaint, and respectfully refers all questions of law to the Court.

38. Denies each and every allegation to the extent directed at JETBLUE in paragraph

5

THIRTY-EIGHT of the Complaint, and respectfully refers all questions of law to the Court.

39. Denies each and every allegation to the extent directed at JETBLUE in paragraph THIRTY-NINE of the Complaint, and respectfully refers all questions of law to the Court.

40. Denies each and every allegation to the extent directed at JETBLUE in paragraph FORTY of the Complaint, and respectfully refers all questions of law to the Court.

41. Denies each and every allegation to the extent directed at JETBLUE in paragraph FORTY-ONE of the Complaint, and respectfully refers all questions of law to the Court.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

1. Defendant JETBLUE states that the Complaint, and each purported claim for relief thereof, fails to state a claim against JETBLUE upon which relief may be granted.

### Second Affirmative Defense

2. Defendant JETBLUE states that, if Plaintiff was injured or damaged as alleged in the Complaint, or as otherwise may be shown, such injuries or damages were solely and proximately caused by the independent, intervening, or superseding acts or omissions of other parties or persons for which JETBLUE is not liable or responsible and over which this Defendant exercised no control.

### Third Affirmative Defense

3. Defendant JETBLUE states that the occurrence and damages alleged in the Complaint, if any, were contributed to by the fault, neglect, and want of care of persons or parties other

6

than JETBLUE for whose acts or omissions JETBLUE is not liable or responsible, and any liability or responsibility for damages sustained by Plaintiff is thereby barred or, in the alternative, should be apportioned in accordance with applicable law.

### Fourth Affirmative Defense

4. Defendant JETBLUE states that Plaintiff's damages, if any, were caused or contributed to by Plaintiff's own fault, assumption of risk, and want of due care, and any liability or responsibility for damages sustained by Plaintiff is thereby barred or, in the alternative, should be apportioned in accordance with applicable law.

### Fifth Affirmative Defense

5. Defendant JETBLUE states that some or all of the damages claimed by Plaintiff are limited or are not recoverable under the applicable law. Further, in the event damages are to be awarded to Plaintiff, such damages should be reduced or offset by various benefits received under applicable law.

### Sixth Affirmative Defense

6. Defendant JETBLUE states that if Plaintiff is found to have suffered injuries, any injuries suffered by Plaintiff were not proximately caused by the accident, and to the extent that the injuries were caused by pre-existing conditions or events other than the accident, JETBLUE should not be liable or responsible for Plaintiff's damages.

### Seventh Affirmative Defense

7. Plaintiff failed to mitigate or minimize damages if any, (all alleged damages claimed in the Complaint being expressly denied by Defendant JETBLUE), in that said Plaintiff failed to properly maintain, control, inspect or otherwise conduct her activities and otherwise failed to take adequate measures to minimize damages, expenditures and costs.

7

Eighth Affirmative Defense

8. Plaintiff has failed to join all necessary parties.

Ninth Affirmative Defense

9. Defendant JetBlue did not cause and/or create a hazardous condition and JetBlue did not have actual and/or constructive notice of the condition/s set forth in Plaintiff's Complaint.

Tenth Affirmative Defense

10. The accident alleged in the Complaint was caused by an unforeseeable *force majeure*, beyond the control of the Answering Defendant, and each of them, and their respective employees, agents, servants or representatives, and for which the Answering Defendant, and each of them, are not liable or responsible.

Eleventh Affirmative Defense

11. Defendant JetBlue states that the accident and any resulting damages were due to an unavoidable accident, sudden emergency, or other conditions or occurrences for which Defendant JetBlue is not liable or responsible.

Twelfth Affirmative Defense

12. The liability of each Answering Defendant to Plaintiff, which liability is expressly denied, must be apportioned pursuant to CPLR Article 16.

Thirteenth Affirmative Defense

13. Plaintiff has not set forth the *prima facie* elements of a public or private nuisance.

Fourteenth Affirmative Defense

14. The venue chosen by plaintiff is improper, inconvenient, and subject to change of venue pursuant to CPLR 510.

8

# VERIFICATION

STATE OF NEW YORK                    )
                                     )SS.:
COUNTY OF WESTCHESTER                )

JOY M. POSNER, an attorney admitted to practice in the State of New York, states:

I am an associate of the law firm ALIMONTI LAW OFFICES, P.C. attorneys of records for Defendant JETBLUE AIRWAYS CORPORATION.

I have read the foregoing Verified Answer with Affirmative Defenses and know the contents thereof, and the same are true to my knowledge, except as to those matters stated to be alleged on information and belief, and as to those matters I believe them to be true. The grounds for my beliefs as to those matters not stated upon my knowledge are investigations conducted and information received as an attorney and the contents of our file on this matter.

The reason that this verification is made by your Affirmant and not by the above named Defendant is that the above Defendant does not maintain its principal places of business and/or reside within Westchester County, wherein your Affirmant maintains her offices.

_____ (FPA)
JOY M. POSNER

Alimonti Law Offices
200 Mamaroneck Avenue, Suite 304
White Plains, New York 10601
Phone: 914-948-8044

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

JANICE BUCZKOWSKI,

                                   Plaintiff,                        Index No. 709139/14

           -against-                                                AFFIDAVIT OF SERVICE

JETBLUE AIRWAYS CORPORATION and
AFCO/AVPORT MANAGEMENT, LLC,

                                   Defendants.

**Cathlene Campbell**, being duly sworn, says:

I am not a party to the above action, am over the age of 18 years and reside in Bedford, NY.

That on **December 30, 2014**, I served Defendant JetBlue's Verified Answer with Affirmative Defenses upon the following:

To:     Reza Rezvani, Esq.
        *Law Offices of Asia & Associates, P.C.*
        *Attorney for the Plaintiff*
        450 Seventh Ave., Suite 2205
        New York, NY 10123
        (212) 244-6555

via service of mail by depositing a true copy of the aforesaid documents in a postpaid properly addressed envelope in a post office or official depository under the exclusive care and custody of the United States Postal Service.

                                   By: _____
                                        CATHLENE CAMPBELL

Sworn to before me this
30th day of December, 2014

_____
Notary Public

        TONI ANN GIANSANTE
     Notary Public, State Of New York
              No. 01GI6069096
      Qualified In Westchester County
   Commission Expires January 22, 20 18

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

JANICE BUCZKOWSKI,

                           Plaintiff,          INDEX NO. 709139/14

     -against-

JETBLUE AIRWAYS CORPORATION and
AFCO/AVPORT MANAGEMENT, LLC,

                         Defendants.

## VERIFIED ANSWER WITH AFFIRMATIVE DEFENSES ON BEHALF OF DEFENDANT JETBLUE AIRWAYS CORPORATION

Pursuant to 22 NYCRR 130-1.1, the undersigned attorney certifies that upon information and belief, and reasonable inquiry, the contentions in the annexed document are not frivolous.

                                              **JOY POSNER, ESQ.**
                                           **(Signature Rule 130-1.1a)**

### *ALIMONTI LAW OFFICE, P.C.*
Attorneys for Defendants
JETBLUE AIRWAYS
*200 Mamaroneck Avenue, Suite 304*
*White Plains, New York 10601*
(914) 948-8044

PLEASE TAKE NOTICE

[ ]       That the within is a (certified) true copy of a     entered in the office of the clerk of the
Notice of    within Court on    , 20
Entry

[ ]       That an Order of which the within is s true copy will be presented to the Hon.   One of
Notice of    the Judges of the within named Court,  at    on   , 20  , at   m.
Settlement

Dated: White Plains, New York

TO:

# EXHIBIT C

**OPTUM**®  11000 Optum Circle
MN102-0300
Eden Prairie, MN 55344


1_5

February 24, 2017

Asta & Associates
Reza Rezvani
450 7th Ave Ste 2205
New York, NY 10123-2205

130

RE:     **Injured Party: Janice Buczkowski**
        **Date of Injury:**
        **Group:         JPMORGAN CHASE & CO., #000189416**
        **File #:        29607299**

Dear Reza Rezvani,

This letter will formally notify you that UnitedHealthcare Services has retained Optum to pursue a recovery for medical benefits that have been or may be paid by them on behalf of Janice Buczkowski for the treatment of injuries sustained arising out of the above captioned injury. Please contact us prior to settlement to obtain the total amount of paid benefits.

The plan is set up under the federal Employee Retirement Income Security Act of 1974 (ERISA), 88 Stat. 829, as amended, 29 U.S.C. §1001 et seq.

Our client asserts a subrogation and/or reimbursement interest in this matter under applicable law. Please notify us immediately if you have already obtained a recovery from some other party. Once settlement funds come into your possession, you should hold them in trust until such time as our client's interest has been severed from the interest of your client.

Please contact me to discuss this matter. Also, please direct all future correspondence relating to our client's subrogation/reimbursement rights to my attention.

Sincerely,

Jennifer Blunt, Analyst
Phone: 952.205.0604 Fax: 800.842.8810
E-mail: Jennifer.Blunt@Optum.com

**EXHIBIT D**

 **OPTUM** 1000 Optum Circle
MN102-0300
Eden Prairie, MN 55344

April 8, 2017

ASTA & ASSOCIATES
REZA REZVANI
450 7TH AVENUE SUITE 2205
NEW YORK, NY 10123

RE:     Injured Party:    **Janice Buczkowski**
        Date of Injury:   6/7/2014
        Group:            **JPMORGAN CHASE & CO., #000189416**
        File #:           29607299

Dear Reza Rezvani,

This letter is a follow up to our prior communications. Optum has been retained for the above group to pursue a recovery for the medical benefits that have been paid arising out of the above captioned injury.

To date, medical benefits in the amount of $69,774.20 have been paid on behalf of Janice Buczkowski for the treatment of injuries sustained. Please contact us prior to settlement to obtain the total amount of paid benefits.

The health plan is self-funded and is governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1001, et seq. NY State subrogation laws affecting self-funded ERISA plans are preempted by ERISA and, accordingly, do not apply to bar the Plan's recovery rights. 29 U.S.C. 1144(a); FMC Corp. v. Holliday, 111 S. Ct. 403, 407-08 (1990). New York's General Obligations Law §§ 5-101; 5-335 does not apply to this matter. The plan provisions are clear that the plan has a first and full right to any recovery and is not required to reduce the amount.

Please advise Optum of the current status of this matter. Thank you.

Sincerely,

Vicki Kucaba, Senior Analyst
Phone: 612.632.6780 Fax: 800.842.8810
E-mail: Vicki.Kucaba@Optum.com

**Med Payment Summary**
Claimant: BUCZKOWSKI, JANICE
Date of Incident: 06/07/2014
Last Update: 04/03/2017
File Number: 29607299
Analyst: Vicki Kucaba

Please send all payments to:

Optum
75 Remittance Drive
Suite 6019
Chicago, IL  60675-6019

Tax ID # 41-1858498

**OPTUM**

Total Billed: $170,847.30
Total Paid: $69,774.20
Remaining Balance: $69,774.20
Created On: 04/08/2017

| First Date of Service | Claim Number | Provider | Amount Billed | Amount Paid | Paid Date | Capitated? | Diagnosis Codes |
|---|---|---|---|---|---|---|---|
| 06/07/2014 | 460979326801 | GREENWICH HOSPITAL | $2,207.68 | $1,393.49 | 10/16/2014 | No | 959.2,  812.00,  959.2 |
| 06/07/2014 | 462214734401 | GREENWICH RADIOLOGICAL GROUP | $40.00 | $11.63 | 09/25/2014 | No | 812.00,  812.00 |
| 06/07/2014 | 462247181701 | PORTCHESTER-RYE-RYE BROOK EMS | $570.00 | $53.00 | 07/08/2014 | No | 959.2,  959.2 |
| 06/10/2014 | 460569549301 | MICHEAL A HAWKS | $368.00 | $205.36 | 09/12/2014 | No | 812.09,  812.09 |
| 06/12/2014 | 461552634001 | RADIOLOGY SPECIALISTS OF FLOR | $31.02 | $14.00 | 06/20/2014 | No | 812.09,  812.20 ,  V45.89 |
| 06/12/2014 | 461935592801 | JASON ACOSTA | $140.03 | $56.54 | 06/30/2014 | No | 812.00,  812.00 ,  338.18 |
| 06/12/2014 | 461935592802 | JASON ACOSTA | $280.00 | $172.22 | 06/30/2014 | No | 812.00,  338.18,  812.00 |
| 06/12/2014 | 461935592803 | JASON ACOSTA | $2,812.25 | $1,152.85 | 06/30/2014 | No | 812.00,  812.00 ,  338.18 |
| 06/12/2014 | 462061748001 | RADIOLOGY SPECIALISTS OF FLOR | $31.03 | $14.00 | 06/26/2014 | No | 812.21,  812.21,  812.01,  812.09 |
| 06/12/2014 | 462159776501 | FLORIDA HOSP MED CENTER | $57,647.88 | $21,575.60 | 06/30/2014 | No | 812.09,  244.9,  959.00,  818.0 |
| 06/12/2014 | 463552894301 | CENTRAL FL HOSPITALIST PARTNE | $575.00 | $251.57 | 07/04/2014 | No | 818.0,  821.00 |
| 06/12/2014 | 463570892201 | MICHEAL A HAWKS | $2,445.00 | $1,237.07 | 07/08/2014 | No | 821.00,  821.00 |
| 06/12/2014 | 463570897801 | FIRST RESPONSE ORTHOPAEDIC GR | $611.00 | $134.37 | 07/08/2014 | No | 821.00,  818.0. |
| 06/16/2014 | 461572708201 | HARVEY W SCHEFSKY | $225.00 | $89.12 | 06/21/2014 | No | 818.0,  812.00 |
| 06/20/2014 | 318542372601 | FIRSTAT NURSING SERVICES | $80.00 | $80.00 | 07/15/2014 | No | 812.00,  812.00 |
| 06/23/2014 | 318566931101 | FIRSTAT NURSING SERVICES | $280.00 | $280.00 | 07/18/2014 | No | 812.00,  812.00 |
| 06/24/2014 | 462251299701 | MICHEAL A HAWKS | $105.00 | $35.50 | 06/28/2014 | No | 812.09,  812.09 |
| 06/26/2014 | 463841634101 | FLORIDA HOSP MED CENTER | $1,146.00 | $430.87 | 07/00/2014 | No | 812.09,  812.09,  V57.21,  812.09 |
| 07/03/2014 | 463415056601 | ZYNEX MEDICAL INC | $33.54 | $19.27 | 07/04/2014 | No | 723.1,  723.1 |
| 07/03/2014 | 467657710401 | FLORIDA HOSP MED CENTER | $3,733.00 | $1,489.68 | 08/07/2014 | No | 812.09 ,  V57.21,  812.09 |
| 08/01/2014 | 47143817001 | FLORIDA HOSP MED CENTER | $3,711.00 | $1,480.80 | 08/05/2014 | No | 812.09,  V57.21,  812.09 ,  V57.21 |
| 08/03/2014 | 467567753201 | ZYNEX MEDICAL INC | $33.54 | $19.27 | 08/08/2014 | No | 723.1 ,  723.1 |
| 08/05/2014 | 467597185401 | MICHEAL A HAWKS | $105.00 | $44.37 | 08/07/2014 | No | 812.09,  812.09 |
| 08/07/2014 | 473953581501 | FLORIDA HOSP MED CENTER | $2,522.00 | $1,005.36 | 10/10/2014 | No | 812.09,  V57.21,  812.09,  V57.21 |
| 09/03/2014 | 471292812201 | ZYNEX MEDICAL INC | $33.54 | $19.27 | 09/04/2014 | No | 723.1,  723.1 |
| 09/30/2014 | 474636423501 | MICHEAL A HAWKS | $226.00 | $135.05 | 10/02/2014 | No | 812.00,  812.00,  726.2 |
| 10/02/2014 | 47347985801 | FLORIDA HOSP MED CENTER | $2,617.00 | $1,124.08 | 11/06/2014 | No | 812.00,  V57.21,  812.00 ,  V57.21 |

**Med Payment Summary**
Claimant: BUCZKOWSKI, JANICE
Date of Incident: 06/07/2014
Last Update: 04/03/2017
File Number: 29607299
Analyst: Vicki Kucaba

Please send all payments to:

Optum
75 Remittance Drive
Suite 6019
Chicago, IL  60675-6019

Tax ID # 41-1858498

**OPTUM**

Total Billed: $170,847.30
Total Paid: $69,774.20
Remaining Balance: $69,774.20
Created On: 04/08/2017

| First Date of Service | Claim Number | Provider | Amount Billed | Amount Paid | Paid Date | Capitated* | Diagnosis Codes |
|---|---|---|---|---|---|---|---|
| 10/03/2014 | 47537850901 | ZYNEX MEDICAL INC | $38.54 | $19.27 | 10/07/2014 | No | 723.1, 723.1 |
| 11/03/2014 | 479227253101 | ZYNEX MEDICAL INC | $38.54 | $19.27 | 11/05/2014 | No | 723.1, 723.1 |
| 11/04/2014 | 483826096401 | FLORIDA HOSP MED CENTER | $1,283.00 | $511.57 | 12/05/2014 | No | 812.00, V57.21, 812.00, V57.21 |
| 11/21/2014 | 481998936901 | BRIAN K VICKARYOUS | $226.00 | $136.05 | 11/25/2014 | No | 812.00, 812.09, 726.2 |
| 12/02/2014 | 486050564001 | FLORIDA HOSP MED CENTER | $1,229.00 | $490.40 | 01/07/2015 | No | 812.00, V57.21, 812.00, 812.00 |
| 12/04/2014 | 483845107601 | HARVEY W SCHEFSKY | $8.00 | $3.00 | 12/14/2014 | No | V72.84 |
| 12/04/2014 | 484077838001 | LABORATORY CORPORATION OF AME | $113.00 | $13.06 | 12/05/2014 | No | V72.84 |
| 12/11/2014 | 484547192301 | BRIAN K VICKARYOUS | $182.00 | $138.86 | 12/12/2014 | No | 812.00, 812.09, 726.2 |
| 12/11/2014 | 486168023001 | FLORIDA HOSP MED CENTER | $186.00 | $33.08 | 12/23/2014 | No | 812.09, 812.09, V72.83, 812.09 |
| 12/17/2014 | 323055691901 | BRIAN K VICKARYOUS | $15,283.00 | $4,130.86 | 08/11/2015 | No | 840.7, 726.0, 727.00 |
| 12/17/2014 | 486374379201 | FLORIDA HOSP MED CENTER | $19,420.56 | $19,420.56 | 01/29/2015 | No | 726.2, V54.01, 840.7 |
| 12/17/2014 | 487134787901 | RADIOLOGY SPECIALISTS OF FLOR | $31.02 | $18.15 | 12/31/2014 | No | V52.8, V43.61 |
| 12/17/2014 | 487259884901 | JOSEPH L RILEY ANESTHESIA ASS | $3,890.00 | $1,883.57 | 01/05/2015 | No | 840.7, 338.18 |
| 12/17/2014 | 487259864902 | JOSEPH L RILEY ANESTHESIA ASS | $340.00 | $260.10 | 01/05/2015 | No | 338.18, 840.7 |
| 12/17/2014 | 487605207901 | FIRST RESPONSE ORTHOPAEDIC GR | $3,821.00 | $308.63 | 01/16/2015 | No | 840.7, 726.0, 727.00 |
| 12/17/2014 | 489951298901 | FLORIDA HOSP MED CENTER | $30,201.44 | $378.82 | 01/29/2015 | No | 726.2, V54.01, 840.7 |
| 12/20/2014 | 493129323501 | LEGACY HOME HEALTH | $360.00 | $360.00 | 02/17/2015 | No | 840.7, 726.2, V54.81 |
| 12/20/2014 | 493126923601 | LEGACY HOME HEALTH | $270.00 | $270.00 | 02/13/2015 | No | 840.7, 726.2, V54.81 |
| 12/25/2014 | 483276430501 | EDGEPARK MEDICAL SUPPLIES INC | $23.76 | $23.76 | 02/12/2015 | No | 896.00, 896.00 |
| 02/25/2015 | 502353528501 | HARVEY W SCHEFSKY | $174.00 | $51.27 | 04/24/2015 | No | 812.00, V52.00, 401.9, 358.01 |
| 04/06/2015 | 500821785501 | HARVEY W SCHEFSKY | $153.00 | $61.97 | 04/09/2015 | No | 698.9, 996.74 |
| 04/06/2015 | 501476069001 | FLORIDA HOSP MED CENTER | $4,498.21 | $4,498.21 | 01/26/2016 | No | 996.74, 358.00, 996.74 |
| 04/08/2015 | 608940324701 | BARRY G FOLEY | $2,568.60 | $1,013.38 | 08/15/2015 | No | 996.74, 996.74 |
| 04/08/2015 | 577491749601 | FLORIDA HOSP MED CENTER | $786.13 | $786.13 | 02/17/2016 | No | 996.74, 358.00, 996.74 |



**Med Payment Summary**
Claimant: BUCZKOWSKI, JANICE
Date of Incident: 06/07/2014
Last Update: 04/03/2017
File Number: 29607299
Analyst: Vicki Kucaba

Please send all payments to:

Optum
75 Remittance Drive
Suite 6019
Chicago , IL   60675-6019

Tax ID # 41-1858498

**OPTUM**
Total Billed: $170,847.30
Total Paid: $69,774.20
Remaining Balance: $69,774.20
Created On: 04/08/2017

| First Date of Service | Claim Number | Provider | Amount Billed | Amount Paid | Paid Date | Capitated* | Diagnosis Codes |
|---|---|---|---|---|---|---|---|
| 07/16/2015 | 514060034201 | MICHAEL THOMAS PULLEY | $285.00 | $269.44 | 07/24/2015 | No | 723.1, 719.41, 558.00 |
| 07/17/2015 | 513893456401 | LABORATORY CORPORATION OF AME | $62.00 | $4.10 | 07/28/2015 | No | 723.1, 719.48, |
| 08/20/2015 | 516022596801 | BRIAN K VICKARYOUS | $330.00 | $189.20 | 08/27/2015 | No | 723.1, 722.4 |
| 08/25/2015 | 516360913401 | CORA HEALTH SERVICES INC | $221.00 | $50.00 | 08/28/2015 | No | 723.1, 722.4 |
| 08/27/2015 | 519073102801 | CORA HEALTH SERVICES INC | $296.00 | $100.00 | 09/03/2015 | No | 722.4 |
| 09/10/2015 | 520727224101 | CORA HEALTH SERVICES INC | $162.00 | $50.00 | 09/18/2015 | No | 722.4 |
| 09/14/2015 | 520727224001 | CORA HEALTH SERVICES INC | $162.00 | $50.00 | 09/18/2015 | No | 722.4 |
| 09/17/2015 | 520087943801 | CORA HEALTH SERVICES INC | $296.00 | $100.00 | 09/30/2015 | No | 722.4 |
| 10/05/2015 | 524142391001 | CORA HEALTH SERVICES INC | $162.00 | $50.00 | 10/15/2015 | No | M54.2, M54.2 |
| 10/19/2015 | 525003345901 | CORA HEALTH SERVICES INC | $146.00 | $50.00 | 10/22/2015 | No | M54.2, M54.2 |
| 10/23/2015 | 526324796201 | CORA HEALTH SERVICES INC | $162.00 | $50.00 | 11/02/2015 | No | M54.2, M54.2 |
| 01/25/2016 | 580654064301 | KRISTY J MAGEE | $225.00 | $93.37 | 01/29/2016 | No | M54.2, M54.2. G70.00, I10 |
| 07/22/2016 | 608335846601 | MICHAEL THOMAS PULLEY | $300.00 | $228.09 | 08/04/2016 | No | M79.602, M79.602 |

Subtotals: $170,847.30 | $69,774.20

Page2

**EXHIBIT E**

LAW OFFICES OF
# ASTA & ASSOCIATES, P.C.
450 7TH AVENUE, SUITE 2205
NEW YORK, N.Y. 10123
www.astalaw.com
email: masta@astalaw.com

TELEPHONE: (212) 244-6555
FACSIMILE: (212) 244-4757

MICHAEL J. ASTA, ESQ.*
ELIOT S. BICKOFF, ESQ.*
REZA REZVANI, ESQ.

*ADMITTED IN N.Y. & N.J.

NEW JERSEY

744 BROAD STREET, 16TH FL.
NEWARK, N.J. 07102
TEL: (973) 735-0549
FAX: (973) 735-0558

BROOKLYN

44 COURT STREET, SUITE 1217
BROOKLYN, N.Y. 11201

BRONX

1200 WATERS PLACE, SUITE 105
BRONX, N.Y. 10461

April 10, 2017

Optum
Attn: Vicki Kucaba, Senior Analyst
11000 Optum Circle
MN102-0300
Eden Prairie, MN 55344

JPMorgan Chase & Co.
Attn: Legal Deparment
10 South Dearborn
Mail Code IL1-0287
Chicago, IL 60618

Re:    Janice Buczkowski
Your reference: 29607299
Group: JPMorgan Chase & Co. 000189416
D/A:   6/7/2014

Dear Sir/Madam:

In response to the letter of Optum of April 8, 2017, please provide us with further information regarding your companies claim:

1.      The plan's identification and 3-digit plan number;

2.      A copy of the policy which states the right to reimbursement of a portion of any settlement in this claim;

3.      A copy of the updated summary plan descriptions in effect for the last three years;

4.      A copy of the summary annual reports for the last three years;

5.      A copy of the bargaining agreement, trust agreement, contract or other instrument under which the plan was established and all amendments since the establishment date until the present;

6.      If your plan is insured, partly insured, or provides stop-loss coverage, a copy of the documents which engage your insurance carrier and all policies of insurance;

7.      A copy of your series 5500 returns and accompanying schedules for the last three years;

8.      A copy of all written policies, memoranda, minutes of meetings and any other written documentation addressing reimbursement or subrogation, enforcement of the same, or waiver of the same from the date of establishment of the plan until present.

9.      A complete Claims Detail Report.

As you know, 29 U.S.C. § 1132[c] requires ERISA plan information to be provided within thirty days from the receipt of the request. Failure to supply the above requested information within thirty days of the date of this letter may subject the Plan Administrator and/or you to a penalty of $100.00 per day and other costs, including attorney's fees. Further, if the information and materials is not provided within thirty days, then we will presume that the plan is not an ERISA plan.

You are also reminded that pursuant to 29 U.S.C. § 1140 it is unlawful for you to discharge, fine, suspend, expel, discipline or discriminate against your employee for exercising any right to which he/she is entitled to under the provisions of the plan.

In addition, we need to obtain from you written documentation that reimbursement/subrogation money you have received from plan participants and beneficiaries in the past has been kept segregated from other assets of the plan sponsor, employer, third-party administrator and other fiduciaries of the plan. This is to insure that you will deal with reimbursement money from this case in a manner that complies with ERISA's fiduciary standards.

Receiving written assurance of how the reimbursement monies will be disposed of together with receiving information about how such monies you have received in the past have been paid out is an absolute pre-requisite to any discussion of payment of any reimbursement interest. The Supreme Court has held that involvement, even by non-fiduciaries such as Mr. Colon, and myself, in activities that are a breach of the fiduciary duties associated with an ERISA plan subjects individuals to liability under ERISA. Harris Trust & Savings Bank v. Salomon Smith Barney, 530 U.S. 238, 120 S.Ct. 2180, 147 L.Ed.2d 187 (2000).

Finally, ERISA is quite specific in stating that only Plan Administrators or other clearly identified fiduciaries have the authority to bind the Plan or its agents. Consequently, I need to obtain from you evidence that you or some other person have

authority to act on behalf of, and bind, the ERISA Plan on whose behalf you claim to act. In addition, any and all communications in the future concerning the obligations you believe Mr. Colon has in this matter should be directed to me.

Please be guided accordingly.

Should you have any questions, please do not hesitate to contact our office.

Very truly yours,

Michael I. Asta, Esq.

MJA/mg

**EXHIBIT F**

 **OPTUM** ® 11000 Optum Circle
MN102-0300
Eden Prairie, MN 55344


2795

Asta & Associates
Michael L Asta Esq
450 7th Ave Ste 2205
New York, NY 10123-2205

April 26, 2017

RE: **Injured Party:** **Janice Buczkowski**
     **Date of Injury:** 6/7/2014
     **Group/Client:** **JPMORGAN CHASE & CO., #000189416**
     **File #:** 29607299

Dear Michael L Asta, ESQ,

This letter is a follow up to our prior communications. Optum has been retained for the above group to pursue a recovery for the medical benefits that have been paid arising out of the above captioned injury.

To date, medical benefits in the amount of $69,889.26 have been paid on behalf of for the treatment of injuries sustained on the above captioned. The updated itemized summary is attached. The amount may increase.

Please note that the health plan is self-funded and is governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1001, et seq.

Optum has received your request for plan documents. It is our position that section 104(b) of ERISA [29 U.S.C, sec. 1024(b)] does not apply to Optum, since Optum is not the plan administrator. See, e.g., Nechis v. Oxford Health Plans, Inc., 421 F.3d 96, 104 (2d Cir. 2005). Some of the information you may have requested may not be required to be supplied under ERISA in response to a request for plan documents under ERISA Section 104, 29 U.S.C. §1024. Nevertheless, without waiving any objections or defenses, and solely as an accommodation, we are enclosing copies of the following documents:

• Governing Plan Documents
• Medical Summary
• 5500

We believe this information is sufficient to determine the Plan's subrogation and reimbursement rights. If you have any questions about this correspondence or enclosures, please contact the analyst below as soon as possible.

Sincerely,

*Vicki Kucaba*

Vicki Kucaba, Senior Analyst
Phone: 612.632.6780 Fax: 800.842.8810
E-mail: Vicki.Kucaba@Optum.com


1_318

# EXHIBIT G

| Form 5500 | **Annual Return/Report of Employee Benefit Plan** | OMB Nos. 1210-0110 1210-0089 |
|---|---|---|
| Department of the Treasury Internal Revenue Service | This form is required to be filed for employee benefit plans under sections 104 and 4065 of the Employee Retirement Income Security Act of 1974 (ERISA) and sections 6047(e), 6057(b), and 6058(a) of the Internal Revenue Code (the Code). | **2014** |
| Department of Labor Employee Benefits Security Administration Pension Benefit Guaranty Corporation | ▶ Complete all entries in accordance with the instructions to the Form 5500. | This Form is Open to Public Inspection |

### Part I   Annual Report Identification Information

For calendar plan year 2014 or fiscal plan year beginning **01/01/2014**   and ending   **12/31/2014**

**A** This return/report is for:
- [ ] a multiemployer plan;
- [ ] a multiple-employer plan (Filers checking this box must attach a list of participating employer information in accordance with the form instructions); or
- [X] a single-employer plan;
- [ ] a DFE (specify) ____

**B** This return/report is:
- [ ] the first return/report;
- [ ] the final return/report;
- [ ] an amended return/report;
- [ ] a short plan year return/report (less than 12 months).

**C** If the plan is a collectively-bargained plan, check here. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ▶ [ ]

**D** Check box if filing under:
- [X] Form 5558;
- [ ] automatic extension;
- [ ] the DFVC program;
- [ ] special extension (enter description)

### Part II   Basic Plan Information—enter all requested information

| 1a  Name of plan THE JPMORGAN CHASE HEALTH & INCOME PROTECTION PLAN FOR ACTIVE EMPLOYEES | 1b  Three-digit plan number (PN) ▶ | 502 |
|---|---|---|
| | 1c  Effective date of plan 04/01/1955 | |

**2a** Plan sponsor's name and address; include room or suite number (employer, if for a single-employer plan)
JPMORGAN CHASE BANK, NATIONAL ASSOCIATION

28 LIBERTY STREET
34TH FLOOR MAIL CODE NY1-A341
NEW YORK, NY 10005-1401

**2b** Employer Identification Number (EIN)
13-4994650

**2c** Plan Sponsor's telephone number
302-455-3494

**2d** Business code (see instructions)
523110

Caution: A penalty for the late or incomplete filing of this return/report will be assessed unless reasonable cause is established.

Under penalties of perjury and other penalties set forth in the instructions, I declare that I have examined this return/report, including accompanying schedules, statements and attachments, as well as the electronic version of this return/report, and to the best of my knowledge and belief, it is true, correct, and complete.

| SIGN HERE | Filed with authorized/valid electronic signature. | 10/14/2015 | BERNADETTE J BRANOSKY |
|---|---|---|---|
| | Signature of plan administrator | Date | Enter name of individual signing as plan administrator |
| SIGN HERE | | | |
| | Signature of employer/plan sponsor | Date | Enter name of individual signing as employer or plan sponsor |
| SIGN HERE | | | |
| | Signature of DFE | Date | Enter name of individual signing as DFE |

| Preparer's name (including firm name, if applicable) and address (include room or suite number) (optional) | Preparer's telephone number (optional) |
|---|---|
| | |

For Paperwork Reduction Act Notice and OMB Control Numbers, see the instructions for Form 5500.

Form 5500 (2014)
v. 140124

Case Number: 29607299

Form 5500 (2014)                                    Page 2

| 3a | Plan administrator's name and address ☐ Same as Plan Sponsor | 3b | Administrator's EIN |
|---|---|---|---|

**3a** Plan administrator's name and address ☐ Same as Plan Sponsor

BENEFITS DIRECTOR OF JPMORGAN CHASE BERNADETTE J. BRANOSKY
JPMORGAN CHASE BANK, N.A.
28 LIBERTY STREET
34 TH FLOOR MAIL CODE - NY1-A341
NEW YORK, NY 10005-1401

**3b** Administrator's EIN
37-1589439

**3c** Administrator's telephone number
212-552-3372

**4** If the name and/or EIN of the plan sponsor has changed since the last return/report filed for this plan, enter the name, EIN and the plan number from the last return/report:

  **a** Sponsor's name

**4b** EIN

**4c** PN

| | | | |
|---|---|---|---|
| 5 | Total number of participants at the beginning of the plan year | 5 | 160236 |
| 6 | Number of participants as of the end of the plan year unless otherwise stated (welfare plans complete only lines 6a(1), 6a(2), 6b, 6c, and 6d). | | |
| a(1) | Total number of active participants at the beginning of the plan year ......................... | 6a(1) | 158091 |
| a(2) | Total number of active participants at the end of the plan year ......................... | 6a(2) | 146963 |
| b | Retired or separated participants receiving benefits ......................... | 6b | 2453 |
| c | Other retired or separated participants entitled to future benefits......................... | 6c | 0 |
| d | Subtotal. Add lines 6a(2), 6b, and 6c. ......................... | 6d | 149416 |
| e | Deceased participants whose beneficiaries are receiving or are entitled to receive benefits......................... | 6e | |
| f | Total. Add lines 6d and 6e. ......................... | 6f | |
| g | Number of participants with account balances as of the end of the plan year (only defined contribution plans complete this item)......................... | 6g | |
| h | Number of participants that terminated employment during the plan year with accrued benefits that were less than 100% vested......................... | 6h | |
| 7 | Enter the total number of employers obligated to contribute to the plan (only multiemployer plans complete this item)......... | 7 | |

**8a** If the plan provides pension benefits, enter the applicable pension feature codes from the List of Plan Characteristics Codes in the instructions:

  **b** If the plan provides welfare benefits, enter the applicable welfare feature codes from the List of Plan Characteristics Codes in the instructions:
    4A  4B  4D  4E  4G  4H  4L  4Q

| 9a | Plan funding arrangement (check all that apply) | | 9b | Plan benefit arrangement (check all that apply) | |
|---|---|---|---|---|---|
| | (1) ☒ | Insurance | | (1) ☒ | Insurance |
| | (2) ☐ | Code section 412(e)(3) insurance contracts | | (2) ☐ | Code section 412(e)(3) insurance contracts |
| | (3) ☒ | Trust | | (3) ☒ | Trust |
| | (4) ☐ | General assets of the sponsor | | (4) ☐ | General assets of the sponsor |

**10** Check all applicable boxes in 10a and 10b to indicate which schedules are attached, and, where indicated, enter the number attached. (See instructions)

| a Pension Schedules | | b General Schedules | |
|---|---|---|---|
| (1) ☐ R (Retirement Plan Information) | | (1) ☒ | H (Financial Information) |
| (2) ☐ MB (Multiemployer Defined Benefit Plan and Certain Money Purchase Plan Actuarial Information) - signed by the plan actuary | | (2) ☐ | I (Financial Information – Small Plan) |
| | | (3) ☒ 25 | A (Insurance Information) |
| | | (4) ☒ | C (Service Provider Information) |
| (3) ☐ SB (Single-Employer Defined Benefit Plan Actuarial Information) - signed by the plan actuary | | (5) ☐ | D (DFE/Participating Plan Information) |
| | | (6) ☐ | G (Financial Transaction Schedules) |

90_316

Case Number: 20607200

Form 5500 (2014)                                                    Page **3**

| Part III | Form M-1 Compliance Information (to be completed by welfare benefit plans) |
|---|---|

**11a** If the plan provides welfare benefits, was the plan subject to the Form M-1 filing requirements during the plan year? (See instructions and 29 CFR 2520.101-2.) .......................................  ☐ Yes   ☒ No

If "Yes" is checked, complete lines 11b and 11c.

**11b** Is the plan currently in compliance with the Form M-1 filing requirements? (See instructions and 29 CFR 2520.101-2.) ...........☐ Yes   ☐ No

**11c** Enter the Receipt Confirmation Code for the 2014 Form M-1 annual report.  If the plan was not required to file the 2014 Form M-1 annual report, enter the Receipt Confirmation Code for the most recent Form M-1 that was required to be filed under the Form M-1 filing requirements. (Failure to enter a valid Receipt Confirmation Code will subject the Form 5500 filing to rejection as incomplete.)

Receipt Confirmation Code_____

| SCHEDULE A (Form 5500) Department of the Treasury · Internal Revenue Service Department of Labor Employee Benefits Security Administration Pension Benefit Guaranty Corporation | Insurance Information<br><br>This schedule is required to be filed under section 104 of the Employee Retirement Income Security Act of 1974 (ERISA).<br><br>▶ File as an attachment to Form 5500.<br><br>▶ Insurance companies are required to provide the information pursuant to ERISA section 103(a)(2). | OMB No. 1210-0110<br><br>**2014**<br><br>This Form is Open to Public Inspection |
|---|---|---|

For calendar plan year 2014 or fiscal plan year beginning    01/01/2014                     and ending    12/31/2014

| A  Name of plan<br>THE JPMORGAN CHASE HEALTH & INCOME PROTECTION PLAN FOR ACTIVE EMPLOYEES | B    Three-digit<br>plan number (PN)    ▶ | 502 |
|---|---|---|

| C  Plan sponsor's name as shown on line 2a of Form 5500<br>JPMORGAN CHASE BANK, NATIONAL ASSOCIATION | D  Employer Identification Number (EIN)<br>13-4994650 |
|---|---|

| Part I | Information Concerning Insurance Contract Coverage, Fees, and Commissions  Provide information for each contract on a separate Schedule A.  Individual contracts grouped as a unit in Parts II and III can be reported on a single Schedule A. |
|---|---|

1  Coverage Information:

(a)  Name of insurance carrier

HIP HEALTH PLAN OF NEW YORK

| (b) EIN | (c) NAIC code | (d) Contract or Identification number | (e) Approximate number of persons covered at end of policy or contract year | Policy or contract year | |
|---|---|---|---|---|---|
| | | | | (f)  From | (g)  To |
| 13-1828429 | 55247 | 10093F3-000 | 15 | 01/01/2014 | 12/31/2014 |

2  Insurance fee and commission information. Enter the total fees and total commissions paid.  List in line 3 the agents, brokers, and other persons in descending order of the amount paid.

| (a) Total amount of commissions paid | (b) Total amount of fees paid |
|---|---|
| | |

3  Persons receiving commissions and fees.  (Complete as many entries as needed to report all persons).

(a) Name and address of the agent, broker, or other person to whom commissions or fees were paid

| (b) Amount of sales and base commissions paid | Fees and other commissions paid | | (e) Organization code |
|---|---|---|---|
| | (c) Amount | (d) Purpose | |
| | | | |

(a) Name and address of the agent, broker, or other person to whom commissions or fees were paid

| (b) Amount of sales and base commissions paid | Fees and other commissions paid | | (e) Organization code |
|---|---|---|---|
| | (c) Amount | (d) Purpose | |
| | | | |

For Paperwork Reduction Act Notice and OMB Control Numbers, see the instructions for Form 5500.

Schedule A (Form 5500) 2014
v. 140124

91_316

Schedule A  (Form 5500) 2014      Page 2 - | 1 |

(a) Name and address of the agent, broker, or other person to whom commissions or fees were paid

| (b) Amount of sales and base commissions paid | Fees and other commissions paid | | (e) Organization code |
|---|---|---|---|
| | (c) Amount | (d) Purpose | |
| | | | |

(a) Name and address of the agent, broker, or other person to whom commissions or fees were paid

| (b) Amount of sales and base commissions paid | Fees and other commissions paid | | (e) Organization code |
|---|---|---|---|
| | (c) Amount | (d) Purpose | |
| | | | |

(a) Name and address of the agent, broker, or other person to whom commissions or fees were paid

| (b) Amount of sales and base commissions paid | Fees and other commissions paid | | (e) Organization code |
|---|---|---|---|
| | (c) Amount | (d) Purpose | |
| | | | |

(a) Name and address of the agent, broker, or other person to whom commissions or fees were paid

| (b) Amount of sales and base commissions paid | Fees and other commissions paid | | (e) Organization code |
|---|---|---|---|
| | (c) Amount | (d) Purpose | |
| | | | |

(a) Name and address of the agent, broker, or other person to whom commissions or fees were paid

| (b) Amount of sales and base commissions paid | Fees and other commissions paid | | (e) Organization code |
|---|---|---|---|
| | (c) Amount | (d) Purpose | |
| | | | |

Case Number: 39607399

Schedule A  (Form 5500) 2014                                    Page 3

| Part II | Investment and Annuity Contract Information | | |
|---------|--------------------------------------------|---|---|
| | Where individual contracts are provided, the entire group of such individual contracts with each carrier may be treated as a unit for purposes of this report. | | |

| | | | |
|---|---|---|---|
| 4 | Current value of plan's interest under this contract in the general account at year end.......................... | 4 | |
| 5 | Current value of plan's interest under this contract in separate accounts at year end ............................. | 5 | |

**6** Contracts With Allocated Funds:

  **a** State the basis of premium rates ▶

| | | | |
|---|---|---|---|
| b | Premiums paid to carrier................................................................................................... | 6b | |
| c | Premiums due but unpaid at the end of the year................................................................. | 6c | |
| d | If the carrier, service, or other organization incurred any specific costs in connection with the acquisition or retention of the contract or policy, enter amount. ...................................................... | 6d | |

    Specify nature of costs ▶

  **e** Type of contract:   (1) ☐ individual policies        (2) ☐ group deferred annuity

    (3) ☐ other (specify)        ▶

  **f** If contract purchased, in whole or in part, to distribute benefits from a terminating plan, check here        ▶ ☐

**7** Contracts With Unallocated Funds (Do not include portions of these contracts maintained in separate accounts)

  **a** Type of contract:   (1) ☐ deposit administration       (2) ☐ immediate participation guarantee

    (3) ☐ guaranteed investment        (4) ☐ other ▶

| | | | |
|---|---|---|---|
| b | Balance at the end of the previous year............................................................................ | 7b | |
| c | Additions: (1) Contributions deposited during the year.................................. | 7c(1) | |
| | (2) Dividends and credits................................................ | 7c(2) | |
| | (3) Interest credited during the year.............................. | 7c(3) | |
| | (4) Transferred from separate account......................... | 7c(4) | |
| | (5) Other (specify below) ............................................... ▶ | 7c(5) | |
| | (6)Total additions........................................................................................................ | 7c(6) | 0 |
| d | Total of balance and additions (add lines 7b and 7c(6)). .................................................. | 7d | 0 |
| e | Deductions: | | |
| | (1) Disbursed from fund to pay benefits or purchase annuities during year | 7e(1) | |
| | (2) Administration charge made by carrier................................................ | 7e(2) | |
| | (3) Transferred to separate account........................................................ | 7e(3) | |
| | (4) Other (specify below) ....................................................................... ▶ | 7e(4) | |
| | (5) Total deductions................................................................................................. | 7e(5) | 0 |
| f | Balance at the end of the current year (subtract line 7e(5) from line 7d) ........................... | 7f | 0 |

92_316

Case Number: 29607299

Schedule A (Form 5500) 2014                                    Page **4**

| Part III | **Welfare Benefit Contract Information** |
|---|---|

If more than one contract covers the same group of employees of the same employer(s) or members of the same employee organizations(s), the information may be combined for reporting purposes if such contracts are experience-rated as a unit. Where contracts cover individual employees, the entire group of such individual contracts with each carrier may be treated as a unit for purposes of this report.

**8**  Benefit and contract type (check all applicable boxes)

| a ☐ Health (other than dental or vision) | b ☐ Dental | c ☐ Vision | d ☐ Life insurance |
|---|---|---|---|
| e ☐ Temporary disability (accident and sickness) | f ☐ Long-term disability | g ☐ Supplemental unemployment | h ☐ Prescription drug |
| i ☐ Stop loss (large deductible) | j ☒ HMO contract | k ☐ PPO contract | l ☐ Indemnity contract |
| m ☐ Other (specify) ▶ | | | |

**9**  Experience-rated contracts:

| | | | |
|---|---|---|---|
| a  Premiums: (1) Amount received............................................... | 9a(1) | | |
| (2) Increase (decrease) in amount due but unpaid.............................. | 9a(2) | | |
| (3) Increase (decrease) in unearned premium reserve ........................ | 9a(3) | | |
| (4) Earned ((1) + (2) - (3))............................................... | | 9a(4) | 0 |
| b  Benefit charges (1) Claims paid........................................... | 9b(1) | | |
| (2) Increase (decrease) in claim reserves................................... | 9b(2) | | |
| (3) Incurred claims (add (1) and (2)) ..................................... | | 9b(3) | 0 |
| (4) Claims charged ....................................................... | | 9b(4) | |
| c  Remainder of premium: (1) Retention charges (on an accrual basis) – | | | |
| (A) Commissions ......................................................... | 9c(1)(A) | | |
| (B) Administrative service or other fees.................................. | 9c(1)(B) | | |
| (C) Other specific acquisition costs ..................................... | 9c(1)(C) | | |
| (D) Other expenses....................................................... | 9c(1)(D) | | |
| (E) Taxes................................................................ | 9c(1)(E) | | |
| (F) Charges for risks or other contingencies.............................. | 9c(1)(F) | | |
| (G) Other retention charges .............................................. | 9c(1)(G) | | |
| (H) Total retention....................................................... | | 9c(1)(H) | 0 |
| (2) Dividends or retroactive rate refunds.  (These amounts were ☐ paid in cash, or ☐ credited.)................ | | 9c(2) | |
| d  Status of policyholder reserves at end of year: (1) Amount held to provide benefits after retirement ............... | | 9d(1) | |
| (2) Claim reserves ....................................................... | | 9d(2) | |
| (3) Other reserves ....................................................... | | 9d(3) | |
| e  Dividends or retroactive rate refunds due.  (Do not include amount entered in line 9c(2).)................ | | 9e | |

**10**  Nonexperience-rated contracts:

| | | |
|---|---|---|
| a  Total premiums or subscription charges paid to carrier ................................................. | 10a | 48620 |
| b  If the carrier, service, or other organization incurred any specific costs in connection with the acquisition or retention of the contract or policy, other than reported in Part I, line 2 above, report amount........................... | 10b | |

Specify nature of costs ▶

| Part IV | **Provision of Information** |
|---|---|

**11**  Did the insurance company fail to provide any information necessary to complete Schedule A? ............  ☐ Yes  ☒ No

**12**  If the answer to line 11 is "Yes," specify the information not provided.  ▶

Case Number: 20607200

**EXHIBIT H**

LAW OFFICES OF
## ASTA & ASSOCIATES, P.C.
450 7TH AVENUE, SUITE 2205
NEW YORK, N.Y. 10123
www.astalaw.com
email: masta@astalaw.com

TELEPHONE: (212) 244-6555
FACSIMILE: (212) 244-4757

MICHAEL J. ASTA, ESQ.*
ELIOT S. BICKOFF, ESQ.*
REZA REZVANI, ESQ.

*ADMITTED IN N.Y. & N.J.

NEW JERSEY
744 BROAD STREET, 16TH FL.
NEWARK. N.J. 07102
TEL: (973) 735-0549
FAX: (973) 735-0558

BROOKLYN
44 COURT STREET, SUITE 1217
BROOKLYN, N.Y. 11201

BRONX
1200 WATERS PLACE, SUITE 105
BRONX. N.Y. 10461

June 26, 2017

Optum
Attn: Vicki Kucaba, Senior Analyst
11000 Optum Circle
MN102-0300
Eden Prairie, MN 55344

        Re:     Janice Buczkowski
        Your reference: 29607299
        Group: JPMorgan Chase & Co. 000189416
        D/A:   6/7/2014

Dear Ms. Kucaba:

        In response to your letter of June 4, 2017 and Optum's alleged lien on this matter,
please be advised that after review of the materials provided to us by Optum, the lien of
your client is rejected. Under New York State law, GOL- 5-335, New York's anti-
subrogation statute, specifically bars liens of health insurance carriers. Ms. Buczkowski's
medical expenses were paid by United Healthcare, an insurance carrier. Furthermore,
page 2 of the 5500 of 2014, Section 9(a), indicates the Plan funding arrangement is
"Insurance" and Section 9(b) indicates the Plan benefit arrangement is "Insurance". As
such the plan is not a completely self-funded ERISA plan which pre-empts state law.
Your client has no lien on Ms. Buczkowski's recovery for her injuries.

        Furthermore, you and your client have not provided a complete response to our
request for information of April 10, 2017. I would like to remind you that 29 U.S.C. §
1132 (C) requires ERISA plan information to be provided within thirty days from the
receipt of the request.  Failure to supply the above requested information within thirty
days of the date of this letter may subject you to a penalty of $100.00 per day and other
costs, including attorney's fees. The following information remains outstanding:

3.      A copy of the updated summary plan descriptions in effect for the last three years; No plan descriptions were provided;

4.      A copy of the summary annual reports for the last three years; No annual reports were provided;

5.      A copy of the bargaining agreement, trust agreement, contract or other instrument under which the plan was established and all amendments since the establishment date until the present;

6.      If your plan is insured, partly insured, or provides stop-loss coverage, a copy of the documents which engage your insurance carrier and all policies of insurance; No documents regarding the engagement of HIP Health Plan of New York were provided;

7.      A copy of your series 5500 returns and accompanying schedules for the last three years; Only 2014 was provided, please provide the 5500 for 2015 and 2016.

8.      A copy of all written policies, memoranda, minutes of meetings and any other written documentation addressing reimbursement or subrogation, enforcement of the same, or waiver of the same from the date of establishment of the plan until present.

        Therefore, as of today you and your principal are 75 days late in providing this information and therefore owe us $7,500.00. As each day continues to pass without any information provided the fine will keep growing and we will seek to enforce our rights to it in Federal and State courts.

        Should you have any questions, please do not hesitate to contact our office.

                                        Very truly yours,

                                        Michael J. Asta, Esq.

MJA/mg

# EXHIBIT I

 **OPTUM®**   11000 Optum Circle
MN102-0300
Eden Prairie, MN 55344

July 6, 2017


2089

Asta & Associates
Michael L Asta Esq
450 7th Ave Ste 2205
New York, NY  10123-2205

RE:   **Injured Party:**      **Janice Buczkowski**
      **Date of Injury:**     6/7/2014
      **Group/Client:**       **JPMORGAN CHASE & CO., #000189416**
      **File #:**             29607299

Dear Michael L Asta, ESQ,

This letter is a follow up to our prior communications. Optum has been retained for the above group to pursue a recovery for the medical benefits that have been paid arising out of the above captioned injury.

To date, medical benefits in the amount of $70,561.26 have been paid on behalf of for the treatment of injuries sustained on the above captioned. The amount may increase as there is still coverage under this Plan for your client.

Please note that the health plan that paid your client medical benefits is self-funded and is governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1001, et seq. United HealthCare does not insured the Plan that paid your clients medical benefits. The Supreme Court in FMC Corp. v. Holliday, 498 U.S. 52, 61 (1990) decision ruled that state laws that purport to regulate insurance do not apply to self-funded ERISA plans, thus, by virtue of ERISA's deemer clause, ERISA preempts N.Y. Gen. Ob. L. §5-335.

The argument that a Plan's failure to respond to an ERISA 1024b request does not diminish the recovery rights of a plan. Optum has received your request for plan documents. We had sent a prior reply with copies of the Governing Plan documents that stated It is our position that section 104(b) of ERISA [29 U.S.C. sec. 1024(b)] does not apply to Optum, since Optum is not the plan administrator.  ERISA grants a plan beneficiary/participant the right to require the plan administrator to provide certain specified documents by making a written request to the plan administrator.  This right is granted by 29 U.S.C. 1024(b)(4) See, e.g., Nechis v. Oxford Health Plans, Inc., 421 F.3d 96, 104 (2d Cir. 2005).  Some of the documents you have requested may not be required to be supplied under ERISA in response to a request for plan documents under ERISA Section 104, 29 U.S.C. 1024.

See Plan Administration page 3:

Plan Administrator For Health Care and Insurance Plans (except for the Short-Term Disability Plan and Business Travel Accident Insurance Plan):

JPMorgan Chase U.S. Benefits Executive
c/o JPMorgan Chase & Co. Benefits Administration
JPMorgan Chase & Co.
One Chase Manhattan Plaza 20th Floor Mail Code: NY1-A341
New York, NY 10005-1401

See page 5 Plan Information Overview. The Plan that covered your client is listed under Plan Name  he JPMorgan Chase Medical Plan/502

See "Contact Information for Plans Subject to ERISA" on page 20 for names, addresses, and telephone numbers for the Medical Plan and the Prescription Drug Plan.

Type of Administration Self-Insured/Trustee

The Summary Plan Description (SPD) provided by the Plan Administrator to Plan Beneficiaries states that the Plan is self-funded as to health benefits. This declaration is required to be made by 29 U.S.C. § 1022 and the Department of Labor's regulations at 29 C.F.R. § 2520.102-3(q), which mandate that a plan include in the SPD information on whether the plan is funded by insurance. In any litigation, the Plan Administrator will affirm that the SPD describes its self-funded status. While ERISA plans make necessary filings with the Department of Labor, the Department of Labor does not certify ERISA plan funding sources.

Federal courts have accepted a declaration from the Plan Administrator as competent proof that a Plan is self-funded. See, e.g., Health and Welfare Plan for Employees of REM, Inc. v. Ridler, 124 F.3d 207 (8th Cir. 1997); Culp, Inc. v. Cain, 414 F.Supp.2d 1118 (M.D. Ala. 2006); Walker v. Rose, 22 F.Supp.2d 343 (D.N.J. 1998); Martinez v. Humana, Inc., 2005 WL 1923532 (S.D.Tex. 2005).

No governmental entity certifies that a plan is self-funded.  The Form 5500 that a Plan files with the IRS is not "proof" regarding the Plan's funding status. That the "Insurance" box is checked in Box 9 of the Form 5500 does not make the plan insured. Note that the box for "General assets of the sponsor" and/or "Trust" is also checked.

The filed 5500 form covers several portions of a plan, such as disability benefits, vision, life insurance, dental benefits and other benefits, as well as for the health plan. See e.g., United Food & Commercial Workers & Employers Ariz. Health & Welfare Trust v. Pacyga, 801 F.2d 1157, 1162 (9th Cir.1986). (court held that health plan was self-funded despite fact that plan's life insurance and accidental death and dismemberment benefits were paid for partially with insurance); State Farm Mut. Auto. Ins. Co. v. Smith, 342 F.Supp. 2d 541 (W.D.Va. 2004) (fact that vision portion of health plan was insured did not preclude plan from being deemed "self funded" within meaning of ERISA).

The Form 5500 thus reflects that insurance is provided for some portions of the employer-provided benefits. However, the SPD specifically relates to health benefits and clearly states that the Plan is self-funded. The fact that the plan is self-funded is also reflected in the Form 5500 Schedule C.

Nevertheless, without waiving any objections or defenses, and solely as an accommodation, we are enclosing

copies of the SPD, MPD and 5500 form.

We believe this information is sufficient to determine the Plan's subrogation and reimbursement rights.
Please contact me directly at the number below with any questions or concerns. Thank you.

Sincerely,

*Vicki Kucaba*

Vicki Kucaba, Senior Analyst
Phone: 612.632.6780 Fax: 800.842.8810
E-mail: Vicki.Kucaba@Optum.com